**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Civil Action No. 3:20-CV-00363**

| | |
|---|---|
| NOBLE BOTTLING, LLC; and<br>RAYCAP ASSET HOLDINGS LTD.<br><br>       Plaintiffs,<br><br>v.<br><br>HULL & CHANDLER, P.A.;<br>NATHAN M. HULL; JOSHUA A. KUSHNER;<br>GORA LLC; and RICHARD GORA,<br><br>       Defendants. | **ANSWER**<br>**TO COMPLAINT** |

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants Hull & Chandler, P.A. (the "Hull Firm") and Nathan M. Hull (collectively, the "Hull Defendants") hereby file their Answer to Complaint and state as follows:

## FIRST DEFENSE

Plaintiffs' Complaint fails to state any claims against the Hull Defendants upon which relief can be granted and should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## SECOND DEFENSE

Plaintiffs' have failed to mitigate their damages, if any, caused by the Hull Defendants' alleged tortious conduct.

## THIRD DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver, estoppel, and/or laches.

## FOURTH DEFENSE

Plaintiffs' claims are barred their contributory negligence.

## FIFTH DEFENSE

Plaintiffs' claims are barred because they assumed the risk of their alleged damages, if any.

## SIXTH DEFENSE

Raycap's claims against the Hull Defendants are barred it lacks standing to assert them.

## SEVENTH DEFENSE

Plaintiffs' claims are barred due to the intervening negligence of parties and non-parties to this case.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## NINTH DEFENSE

Plaintiffs' claim for punitive damages violates the U.S. Constitution insofar as it seeks the deprivation of property from the Hull Defendants without due process of law.

## TENTH DEFENSE

Unless liability for and the amount of punitive damages is required to be established by clear and convincing evidence, any award of punitive damages would violate the Hull Defendants' due process rights guaranteed by the Fourteenth Amendment to the U.S. Constitution.

**ELEVENTH DEFENSE**

Any award of punitive damages without bifurcating the trial and trying all claims for punitive damages only if and after liability on the merits has been found would violate the Hull Defendants' due process rights guaranteed by the Fourteenth Amendment to the U.S. Constitution.

**TWELFTH DEFENSE**

An award of punitive damages by a jury that: 1) is not provided standards of sufficient clarity for determining punitive damages; 2) is not adequately instructed on the limits of punitive damages; 3) is not expressly prohibited from awarding punitive damages on the bases of discriminating characteristics including the wealth of the Hull Defendants; 4) is permitted to award punitive damages under a vague and arbitrary standard; and 5) is not subject to court review for reasonableness, would violate the Hull Defendants' due process and equal protection rights guaranteed by the Fourteenth Amendment to the U.S. Constitution.

**THIRTEENTH DEFENSE**

Subject to and without waiving the foregoing defenses, the Hull Defendants respond to the specific allegations of the Complaint as follows:

1. The Hull Defendants deny all allegations of liability against them contained in Paragraph 1, and specifically deny they breached any duties owed to Plaintiffs or caused Plaintiffs any damages. The Hull Defendants lack sufficient knowledge to admit the remaining allegations contained in Paragraph 1, and thus they are also denied.

2.      The Hull Defendants deny all allegations of liability against them contained in Paragraph 2, and specifically deny they breached any duties owed to Plaintiffs or caused Plaintiffs any damages.  The Hull Defendants lack sufficient knowledge to admit the remaining allegations contained in Paragraph 1, and thus they are also denied.

3.      The Hull Defendants admit that in October 2018, the principals of Noble engaged the Hull Defendants to represent Noble in connection with the formation of Noble and to review loan documents relating to financing Noble was seeking.  The Hull Defendants further admit they were consulted as to whether a purported bank account with Bank America was legitimate and did in fact advise Plaintiff there was a strong indication that the account and prospective transaction was fraudulent.   The Hull Defendants deny the remaining allegations contained in Paragraph 3.

4.      The Noble Defendants admit, upon information and belief, that Mr. Kushner issued a letter which stated, in part, that he had "verified with a representative of Bank of America and our client on February 26th, 2019, that the following account below is a restricted escrow account that has been created to complete the Noble Bottling LLC financing, with restrictions on the account governed by the 'Restricted Bank Holding Instructions Agreement' dated January 31, 2019 and attached hereto as Exhibit A" and "[w]e affirm that all the signatures referenced in the Agreement in Exhibit A Form 2 – Form of Release – will need to be provided before any funds can be transferred outside this restricted account."  The Hull Defendants deny they were "responsible for working with Kushner," and further deny any remaining allegations contained in Paragraph 4.

-4-

5.     The Hull Defendants admit that $2,765,000 was deposited into a bank account.  The Hull Defendants deny all allegations of liability against them contained in Paragraph 5, and specifically deny they breached any duties owed to Plaintiffs or caused Plaintiffs any damages.  The Hull Defendants lack sufficient knowledge to admit the remaining allegations contained in Paragraph 5, and thus they are also denied.

6.     The Hull Defendants deny all allegations of liability against them contained in Paragraph 6, and specifically deny they breached any duties owed to Plaintiffs or caused Plaintiffs any damages.  The Hull Defendants lack sufficient knowledge to admit the remaining allegations contained in Paragraph 6, and thus they are also denied.

7.     The Hull Defendants deny all allegations of liability against them contained in Paragraph 7, and specifically deny they breached any duties owed to Plaintiffs or caused Plaintiffs any damages.  The Hull Defendants lack sufficient knowledge to admit the remaining allegations contained in Paragraph 7, and thus they are also denied.

## THE PARTIES

8.     The Hull Defendants admit, upon information and belief, the allegations contained in Paragraph 8.

9.     The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 9, and thus they are denied.

10.    The Hull Defendants admit the allegations contained in the first sentence of Paragraph 10.  The Hull Defendants further admit the Hull Firm's website states that it "is a full-service business transaction law firm."  The Hull Defendants deny any remaining allegations contained in Paragraph 10.

11.     The Hull Defendants admit the Hull Firm's website states that "[w]e help business owners and operators address all of their legal concerns from employment contracts and collection matters to complex mergers and acquisitions" and "[o]ur attorneys take time to understand your business' needs, goals and financial objectives. Your bottom line is our priority." The Hull Defendants deny any remaining allegations contained in Paragraph 11.

12.     The Hull Defendants admit the Hull Firm's website states that "[w]e have award-winning attorneys in each area of law to help find your solution." The Hull Defendants deny any remaining allegations contained in Paragraph 12

13.     The Hull Defendants admit the allegations contained in the first sentence of Paragraph 13. The Hull Defendants further admit Mr. Hull is an attorney licensed to practice law in the State of North Carolina. The Hull Defendants further admit Mr. Hull has been an agent of the Hull Firm since 2003 and acted within the scope of such agency during his representation of Noble. The Hull Defendants deny any remaining allegations contained in Paragraph 13.

14.     The Hull Defendants admit the Hull Firm's website states that Mr. Hull "has been practicing law in Charlotte since 1999" and "focuses his practice on advising individuals and mid-sized businesses on all business law and estate matters," and that Mr. Hull's "clientele runs the gamut from individuals and small businesses to large corporations." The Hull Defendants deny any remaining allegations contained in Paragraph 14.

15.     The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 15, and thus they are denied.

16.     The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 16, and thus they are denied.

17.     The Hull Defendants admit, upon information and belief, that Mr. Gora has been licensed to practice law in the State of Connecticut.  The Hull Defendants lack sufficient knowledge to admit the remaining allegations contained in Paragraph 17, and thus they are denied.

18.     The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 18, and thus they are denied.

19.     The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 19, and thus they are denied.

20.     The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 20, and thus they are denied.

21.     The Hull Defendants admit, upon information and belief, that Mr. Kushner has been an attorney licensed to practice law in the State of California.  The Hull Defendants lack sufficient knowledge to admit the remaining allegations contained in Paragraph 21, and thus they are denied.

22.     The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 22, and thus they are denied.

23.     The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 23, and thus they are denied.

## VENUE AND JURISDICTION

24.     The Hull Defendants admit, upon information and belief, this Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among all parties and because Plaintiffs seek more than $75,000 from Defendants.  The Hull Defendants deny any remaining allegations contained in Paragraph 24.

25.     The Hull Defendants admit venue is proper in this District pursuant to 28 U.S.C. § 1391(b).  The Hull Defendants further admit that the Hull Firm and Mr. Hull reside in this District for the purposes of 28 U.S.C. § 1391(b).  The Hull Defendants deny the remaining allegations contained in Paragraph 25.

## CHOICE OF LAW

26.     The Hull Defendants admit the laws of the State of North Carolina apply to Plaintiffs' claims and the Hull Defendants' defenses to the extent consistent with the Erie Doctrine and its progeny.  The Hull Defendants deny Plaintiffs incurred any harm or economic loss as a result of the Hull Defendants' conduct in the State of North Carolina or anywhere else, for that matter.  The Hull Defendants lack sufficient knowledge to admit the remaining allegations contained in Paragraph 26, and thus they are denied.

27.     The Hull Defendants admit the allegations contained in Paragraph 27.

## ALLEGATIONS

### Hull & Chandler is Engaged to Represent Noble

28.     The Hull Defendants admit the principals of Noble engaged the Hull Defendants to represent Noble in connection with the formation of Noble and to review loan documents relating to the financing Noble was seeking from Reinhart.  The Hull Defendants deny the remaining allegations contained in Paragraph 28.

29.     The Hull Defendants admit the principals of Noble engaged the Hull Defendants to represent Noble in connection with the formation of Noble and to review loan documents, including a financial proposal from Reinhart, relating to the financing Noble was seeking from Reinhart.  The Hull Defendants deny the remaining allegations contained in Paragraph 29.

### Reinhart Induces Noble into Entering into a "Loan Agreement"

30.     The Hull Defendants admit "Mark Williams" purported to be an officer of Reinhart.  The Hull Defendants deny, upon information and belief, that on December 27, 2018, Noble and Reinhart entered into a "Facility Term Letter."  The Hull Defendants lack sufficient knowledge to admit any remaining allegations contained in Paragraph 30, and thus they are denied.

31.     The Hull Defendants admit that pursuant to a loan agreement between Noble and Reinhart, Reinhart agreed to loan Noble $55,300,000 subject to certain conditions precedent, including due diligence.  The Hull Defendants deny any remaining allegations contained in Paragraph 31.

32.     The Hull Defendants admit that pursuant to a loan agreement between Noble and Reinhart, Reinhart required Noble to prepay an amount equal to the first year of interest before funding.  The Hull Defendants further admit, upon information and belief, Reinhart represented that it had established a restricted bank account with Bank of America.  The Hull Defendants further admit that Reinhart's failure to fund the loan could trigger an obligation by Bank of America to refund Noble's prepayment.  The Hull Defendants deny any remaining allegations contained in Paragraph 32.

33.     The Hull Defendants admit Gora purported to act as counsel for Reinhart and, upon information and belief, referenced a "restricted account" in correspondence. The Hull Defendants lack sufficient knowledge to admit the remaining allegations contained in Paragraph 33, and thus they are denied.

**<u>Noble Obtains a Short-Term Loan from Raycap to Fund the Deposit</u>**

34.     The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 34, and thus they are denied.

35.     The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 35, and thus they are denied.

36.     The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 36, and thus they are denied.

37.     The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 37, and thus they are denied.

## Kushner is Retained to Provide the Legal Opinion Verification

38.     The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 38, and thus they are denied.

39.     The Hull Defendants admit, upon information and belief, that Reinhart engaged Kushner as its legal counsel to verify the validity of a bank account at Bank of America.    The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 39, and thus they are denied.

40.     The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 40, and thus they are denied.

## Kushner Affirmatively Represents in the Legal Opinion Verification that He Personally Verified the Restricted Account and the Governing Restricted Bank Holding Instructions Agreement with an Authorized Bank of America Representative

41.     The Hull Defendants admit, upon information and belief, the allegations contained Paragraph 41.

42.     The Hull Defendants admit, upon information and belief, the allegations contained Paragraph 42.

43.     The Hull Defendants deny the allegations contained in Paragraph 43.

**Noble and Raycap Fund the Deposit in Reliance on the Legal Opinion Verification**
**and Hull's Advice to Noble that Hull was Satisfied that**
**"all the boxes were checked" for Noble to Fund the Deposit**

44.     The Hull Defendants admit, upon information and belief, that Raycap deposited $2,765,000 into a bank account in connection with a loan to Noble.  The Hull Defendants lack sufficient knowledge to admit the remaining allegations contained in Paragraph 44, and thus they are denied.

45.     The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 45, and thus they are denied.

46.     The Hull Defendants admit funds were wired into a bank account pursuant to instructions provided by Reinhart.  The Hull Defendants deny the remaining allegations contained in Paragraph 46.

47.     The Hull Defendants admit they reviewed the document attached to the Complaint as Exhibit A and the document speaks for itself.  The Hull Defendants deny the remaining allegations contained in Paragraph 47.

48.     The Hull Defendants deny the allegations contained in Paragraph 48.

49.     The Hull Defendants admit the document attached to the Complaint as Exhibit A speaks for itself.  The Hull Defendants deny any remaining allegations contained in Paragraph 49.

50.     The Hull Defendants deny the allegations contained in Paragraph 50.

51.     The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 51, and thus they are denied.

52.     The Hull Defendants deny the allegations contained in Paragraph 52.

53.     The Hull Defendants admit Mr. Hull participated in a telephone call with a purported US Bank representative that was initiated by "Mark Williams." The Hull Defendants deny the remaining allegations contained in Paragraph 53.

54.     The Hull Defendants admit they were aware that Noble intended to rely upon Mr. Kushner's representations regarding the validity of the bank account at Bank of America. The Hull Defendants deny the remaining allegations contained in Paragraph 54.

55.     The Hull Defendants admit they were aware that Noble intended to rely upon Mr. Kushner's representations regarding the validity of the bank account at Bank of America. The Hull Defendants deny the remaining allegations contained in Paragraph 55.

56.     The Hull Defendants deny the allegations contained in Paragraph 56.

57.     The Hull Defendants deny the allegations contained in Paragraph 57.

**Reinhart Breaches the Loan Agreement and Refuses to Return the Deposit**

58.     The Hull Defendants admit Reinhart failed to fund the loan to Noble. The Hull Defendants deny the remaining allegations contained in Paragraph 58.

59.     The Hull Defendants admit the allegations contained in the first sentence of Paragraph 59. The Hull Defendants further admit, upon information and belief, the allegations contained in the second sentence of Paragraph 59.

60.     The Hull Defendants admit, upon information and belief, the allegations contained in Paragraph 60.

61.     The Hull Defendants admit, upon information and belief, the allegations contained in Paragraph 61.

62.     The Hull Defendants admit, upon information and belief, the allegations contained in Paragraph 62.

63.     The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 63, and thus they are denied.

64.     The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 64, and thus they are denied.

65.     The Hull Defendants admit, upon information and belief, the allegations contained in Paragraph 65.

66.     The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 66, and thus they are denied.

67.     The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 67, and thus they are denied.

68.     The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 68, and thus they are denied.

69.     The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 69, and thus they are denied.

70.     The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 70, and thus they are denied.

71.     The Hull Defendants admit, upon information and belief, the allegations contained in Paragraph 71.

72.     The Hull Defendants admit, upon information and belief, the allegations contained in Paragraph 72.

## CAUSES OF ACTION

## COUNT ONE – Legal Malpractice

**(Plaintiffs against Defendants Hull & Chandler,
Nathan Hull, and Joshua Kushner)**

73.     The Hull Defendants repeat and incorporate their responses to all of the preceding paragraphs of the Complaint.

74.     The Hull Defendants admit the principals of Noble engaged the Hull Defendants to represent Noble in connection with the formation of Noble and to review loan documents relating to the financing Noble was seeking from Reinhart.  The Hull Defendants deny any remaining allegations contained in Paragraph 74.

75.     The Hull Defendants admit the principals of Noble engaged the Hull Defendants to represent Noble in connection with the formation of Noble and to review loan documents, including a financial proposal from Reinhart, relating to the financing Noble was seeking from Reinhart.  The Hull Defendants deny the remaining allegations contained in Paragraph 75.

76.     The Hull Defendants admit, upon information and belief, the allegations contained in Paragraph 76.

77.     The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 77, and thus they are denied.

78.     The Hull Defendants deny all allegations of liability against them contained in Paragraph 78, and specifically deny they breached any duties owed to Plaintiffs or caused Plaintiffs any damages.  The Hull Defendants lack sufficient knowledge to admit the remaining allegations contained in Paragraph 78, and thus they are also denied.

79.     The Hull Defendants deny all allegations of liability against them contained in Paragraph 79, and specifically deny they breached any duties owed to Plaintiffs or caused Plaintiffs any damages.  The Hull Defendants lack sufficient knowledge to admit the remaining allegations contained in Paragraph 79, and thus they are also denied.

80.     The Hull Defendants deny all allegations of liability against them contained in Paragraph 80, and specifically deny they breached any duties owed to Plaintiffs or caused Plaintiffs any damages.  The Hull Defendants lack sufficient knowledge to admit the remaining allegations contained in Paragraph 80, and thus they are also denied.

81.     The Hull Defendants deny all allegations of liability against them contained in Paragraph 81, and specifically deny they breached any duties owed to Plaintiffs or caused Plaintiffs any damages.  The Hull Defendants lack sufficient knowledge to admit the remaining allegations contained in Paragraph 81, and thus they are also denied.

82.     The Hull Defendants deny Plaintiffs are entitled to a judgment in Plaintiffs' favor against the Hull Defendants.  The Hull Defendants lack sufficient knowledge to admit the remaining allegations contained in Paragraph 82, and thus they are also denied.

## COUNT TWO – Negligence

**(Plaintiff Noble against Defendants Hull & Chandler and Nathan Hull)**

83.     The Hull Defendants repeat and incorporate their responses to all of the preceding paragraphs of the Complaint.

84.     The Hull Defendants admit the allegations contained in Paragraph 84.

85.     The Hull Defendants deny the allegations contained in Paragraph 85.

86.     The Hull Defendants deny the allegations contained in Paragraph 86.

87.     The Hull Defendants deny the allegations contained in Paragraph 87.

88.     The Hull Defendants deny the allegations contained in Paragraph 88.

## COUNT THREE – Breach of Fiduciary Duty

**(Plaintiff Noble against Defendants Hull & Chandler and Nathan Hull)**

89.     The Hull Defendants repeat and incorporate their responses to all of the preceding paragraphs of the Complaint.

90.     The Hull Defendants admit the allegations contained in Paragraph 90.

91.     The Hull Defendants deny the allegations contained in Paragraph 91.

92.     The Hull Defendants deny the allegations contained in Paragraph 92.

93.     The Hull Defendants deny the allegations contained in Paragraph 93.

94.     The Hull Defendants deny the allegations contained in Paragraph 94.

## COUNT FOUR – Breach of Fiduciary Duty

**(Plaintiffs against Defendant Joshua Kushner)**

95.     The Hull Defendants repeat and incorporate their responses to all of the preceding paragraphs of the Complaint.

96.     The Hull Defendants admit, upon information and belief, the allegations contained in Paragraph 96.

97.     The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 97, and thus they are denied.

98.     The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 98, and thus they are denied.

99.     The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 99, and thus they are denied.

100.    The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 100, and thus they are denied.

101.    The Hull Defendants deny Plaintiffs are entitled to a judgment in Plaintiffs' favor against the Hull Defendants.  The Hull Defendants lack sufficient knowledge to admit the remaining allegations contained in Paragraph 101, and thus they are also denied.

## COUNT FIVE – Negligence

### (Plaintiffs against Defendant Joshua Kushner)

102.    The Hull Defendants repeat and incorporate their responses to all of the preceding paragraphs of the Complaint.

103.    The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 103, and thus they are denied.

104.    The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 104, and thus they are denied.

105. The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 105, and thus they are denied.

106. The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 106, and thus they are denied.

107. The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 107, and thus they are denied.

108. The Hull Defendants deny Plaintiffs are entitled to a judgment in Plaintiffs' favor against the Hull Defendants. The Hull Defendants lack sufficient knowledge to admit the remaining allegations contained in Paragraph 108, and thus they are also denied.

## COUNT SIX – Fraud

**(Plaintiffs against Defendants Gora LLC and Richard Gora)**

109. The Hull Defendants repeat and incorporate their responses to all of the preceding paragraphs of the Complaint.

110. The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 110, and thus they are denied.

111. The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 111, and thus they are denied.

112. The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 112, and thus they are denied.

113.    To the extent any of the allegations contained in Paragraph 113 are directed at the Hull Defendants, the Hull Defendants deny those allegations.  The Hull Defendants lack sufficient knowledge to admit the remaining allegations contained in Paragraph 113, and thus they are also denied.

114.    The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 114, and thus they are denied.

115.    The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 115, and thus they are denied.

116.    The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 116, and thus they are denied.

117.    The Hull Defendants deny Plaintiffs are entitled to a judgment in Plaintiffs' favor against the Hull Defendants.  The Hull Defendants lack sufficient knowledge to admit the remaining allegations contained in Paragraph 117, and thus they are also denied.

### COUNT SEVEN – Negligent Misrepresentation

**(Plaintiffs against Defendants Gora LLC,
Richard Gora, and Joshua Kushner)**

118.    The Hull Defendants repeat and incorporate their responses to all of the preceding paragraphs of the Complaint.

119. To the extent any of the allegations contained in Paragraph 119 are directed at the Hull Defendants, the Hull Defendants deny those allegations. The Hull Defendants lack sufficient knowledge to admit the remaining allegations contained in Paragraph 119, and thus they are also denied.

120. To the extent any of the allegations contained in Paragraph 119 are directed at the Hull Defendants, the Hull Defendants deny those allegations. The Hull Defendants lack sufficient knowledge to admit the remaining allegations contained in Paragraph 120, and thus they are also denied.

121. The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 121, and thus they are denied.

122. The Hull Defendants lack sufficient knowledge to admit the allegations contained in Paragraph 122, and thus they are denied.

123. The Hull Defendants deny Plaintiffs are entitled to a judgment in Plaintiffs' favor against the Hull Defendants. The Hull Defendants lack sufficient knowledge to admit the remaining allegations contained in Paragraph 123, and thus they are also denied.

The Hull Defendants deny Plaintiffs are entitled to any of the relief requested from them in the WHEREFORE clause following Paragraph 123.

Any allegations of the Complaint not specifically admitted herein are denied.

WHEREFORE, having fully responded to the allegations of the Complaint, the Hull Defendants demand a trial by jury and judgment in their favor on all of Plaintiffs' claims against them.

Respectfully submitted this 11th day of September, 2020.

NELSON MULLINS RILEY &
SCARBOROUGH LLP

 /s/ Evan M. Sauda
Fred M. Wood, Jr.
  N.C. State Bar No. 18437
Evan M. Sauda
  N.C. State Bar No. 32915
301 South College Street, 23rd Floor
Charlotte, North Carolina 28202
Telephone: (704) 317-3000
Facsimile: (704) 377-4814
E-Mail:  fred.wood@nelsonmullins.com
          evan.sauda@nelsonmullins.com

COPELAND, STAIR, KINGMA &
LOVELL, LLP

Johannes S. Kingma
  Georgia Bar No. 421650
William D. Newcomb
  Georgia Bar No. 148484
191 Peachtree Street, N.E., Suite 3600
Atlanta, Georgia 30324
Telephone: (404) 522-8220
Facsimile: (404) 523-2345
Email:  wnewcomb@cskl.law
          jkingma@cskl.law
*Motion for Pro Hac Vice Admission Forthcoming*

*Attorneys for Defendants*
*Hull & Chandler, P.A. and Nathan M. Hull*