# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00363-KDB-DCK

| | |
|---|---|
| RAYCAP ASSET HOLDINGS LTD. <br> NOBLE BOTTLING, LLC, <br><br> **Plaintiffs,** <br><br> v. <br><br> JOSHUA A. KUSHNER <br> HULL & CHANDLER, P.A. <br> GORA LLC <br> NATHAN M. HULL <br> RICHARD GORA, <br><br> **Defendants.** | **ORDER** |

**THIS MATTER** is before the Court on Defendant Kushner's Motion to Dismiss (Doc. No. 9); Defendant Kushner's Request For Transfer of His Previous Motion to Dismiss or, in the alternative, Renewed Motion to Dismiss (Doc. No. 45); the Gora Defendants' Motion to Dismiss (Doc. No. 48); the Memorandum and Recommendation of the Honorable Magistrate Judge David C. Keesler ("M&R") entered May 20, 2021 (Doc. No. 59);, Defendant Kushner's Objection to the M&R (Doc. No. 60); and the Gora Defendants' Objection to the M&R (Doc. No. 61). The Court has carefully considered these motions, the parties' briefs, and other pleadings of record. As discussed below, the Court finds after its *de novo* review that the recommendation to deny both Defendants' motions is correct and in accordance with law. Therefore, the findings and conclusions of the Magistrate Judge will be **ADOPTED** and the Motions to Dismiss will be **DENIED**.

## I. LEGAL STANDARD

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters, including motions to dismiss. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Objections to the magistrate's proposed findings and recommendations must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette,* 478 F.3d 616, 622 (4th Cir.), *cert. denied*, 551 U.S. 1157 (2007). But the Court does not perform a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings, or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd,* 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc*., 591 F.3d 250, 255 (4th Cir.

2009). The court, however, accepts all well-pled facts as true and draws all reasonable inferences in Plaintiff's favor. *See Conner v. Cleveland Cty., N. Carolina*, No. 19-2012, 2022 WL 53977, at *1 (4th Cir. Jan. 5, 2022); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). In so doing, the Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019). Construing the facts in this way, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021) (quoting *Ashcroft*, 556 U.S. at 678). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

A motion to dismiss under Rule 12(b)(2) seeks a dismissal for lack of personal jurisdiction. A party invoking federal jurisdiction has the burden of establishing that personal jurisdiction exists over the defendants. *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005); *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). When "the court addresses the question [of personal jurisdiction in a Rule 12(b)(2) motion] on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge. In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Combs*, 886 F.2d at 676 (internal citations omitted). "Mere allegations of in

personam jurisdiction are sufficient for a party to make a prima facie showing." *Barclays Leasing Inc. v National Bus. Sys., Inc*., 750 F. Supp. 184, 186 (W.D.N.C. 1990). The plaintiff, however, "may not rest on mere allegations where the defendant has countered those allegations with evidence that the requisite minimum contacts do not exist." *IMO Indus., Inc. v. Seim S.R.L.*, 2006 WL 3780422, at *1 (W.D.N.C. Dec. 20, 2006). "Rather, in such a case, the plaintiff must come forward with affidavits or other evidence to counter that of the defendant . . . factual conflicts must be resolved in favor of the party asserting jurisdiction...." *Id*.

Questions of jurisdiction are answered by a two-step analysis: (1) the Court must determine whether the North Carolina long-arm statute confers personal jurisdiction; and (2) the Court must determine whether the exercise of that statutory power will violate the due process clause of the U.S. Constitution. *Gen Latex & Chem. Corp. v. Phoenix Med. Tech*., 765 F. Supp. 1246, 1248-49 (W.D.N.C. 1991). Because the North Carolina long-arm statute extends jurisdiction to the bounds of due process, the statutory inquiry ultimately merges with the constitutional inquiry, becoming one. *See ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997). Due process prevents a Court from asserting jurisdiction over a defendant unless the defendant has certain minimum contacts with the forum state. The Fourth Circuit has "synthesized the Due Process Clause for asserting specific jurisdiction into a three-part test . . . '(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable.'" *New Wellington*, 416 F.3d at 294 (citing *Mitrano v. Hawes*, 377 F.3d 402, 407 (4th Cir. 2004)).

When an objection to venue has been raised under Rule 12(b)(3), the burden lies with the plaintiff to establish that venue is proper in the judicial district in which the plaintiff has brought the action. *Static Control Components, Inc. v. Intersolution Ventures, Ltd.*, 2006 WL 2042900, at *10 (M.D.N.C. July 17, 2006) (citing *Plant Genetic Systems, N.V. v. Ciba Seeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996)). When jurisdiction is grounded on diversity of citizenship, venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

In analyzing a Rule 12 motion, a court may consider "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L.Ed.2d 179 (2007). "[I]n the event of conflict between the bare allegations of the complaint and any attached exhibit, the exhibit prevails." *Slater v. Bank of Am.*, No. 1:10-1091, 2012 WL 2997880, at *7, 2012 U.S. Dist. LEXIS 101687 at *21 (S.D. W. Va. June 26, 2012) (citing *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991)).

## II.     DISCUSSION

Plaintiffs' claims arise out of Reinhart Holdings LLC's ("Reinhart") agreement to lend Plaintiff Noble Bottling LLC ("Noble") approximately $55 million for Noble's formation and start-up. (Doc. No. 1). As part of that lending agreement Noble was required to deposit 5 percent of the loan amount, 2.765 million dollars, in a restricted Bank of America account as security for the loan. *Id*. Plaintiff Raycap Asset Holding Ltd. ("Raycap") executed an agreement with Noble

to fund the deposit. The loan was never made, and the deposit was ultimately stolen by Reinhart. *Id*. Defendants, in various roles and to varying degrees, participated in verifying to the Plaintiffs the authenticity and security of the restricted Bank of America account. Relevant to these motions, Reinhart retained Joshua Kushner ("Defendant Kushner") to author an opinion letter ("legal opinion verification") to Noble and Raycap verifying the security of the account. *Id*. Richard Gora and his law firm, Gora LLC ("Gora Defendants") purported to act as "counsel for Reinhart in relation to the Loan agreement." *Id*.

Plaintiffs filed their complaint on July 3, 2020. *Id*. On October 20, 2020, Plaintiffs filed a "Second Amended Complaint" ("SAC") (Doc. No. 39), which is now the operative complaint. In the SAC, Plaintiffs allege claims for legal malpractice, negligence, negligent misrepresentation, and breach of fiduciary duty against Defendant Kushner and claims for fraud and negligent misrepresentation against the Gora Defendants. *Id*. Defendant Kushner has moved to dismiss the claims against him for lack of personal jurisdiction and improper venue under Rules 12(b)(2) and 12(b)(3). (Doc. Nos. 9, 45). The Gora Defendants have moved to dismiss the claims against them for lack of personal jurisdiction and for failure to state a claim pursuant to Rules 12(b)(2) and 12(b)(6). (Doc. No. 48). In the M&R, the Magistrate Judge recommended that both Defendant Kushner and the Gora Defendants' motions be denied and those Defendants now object to that recommendation. (*See* Doc. Nos. 60, 61).

### A. Defendant Kushner's Motion to Dismiss

As noted above, Defendant Kushner challenges both this Court's personal jurisdiction over him and whether venue in this Court is proper. First, Kushner argues that this Court lacks personal jurisdiction over him because his opinion letter "was written to citizens of Cyprus, by a California lawyer hired by a Delaware/Montana limited liability company, after purportedly

speaking with a representative of an international financial institution, for an account set up as financing for a Delaware limited liability company." (Doc. No. 60). As stated above, to determine whether there are sufficient minimum contacts for specific[1] personal jurisdiction, the Court considers three factors: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the … claims [arose] out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 559 (4th Cir. 2014).

The M&R found that Kushner purposefully availed himself of the privilege of conducting activities in North Carolina because: 1) he authored a legal opinion verification letter that would be relied on in North Carolina; 2) he intended that his opinion letter be relied on in North Carolina by an entity setting up a business in North Carolina; 3) he worked with Plaintiff's counsel, Defendant Hull, who was in North Carolina; and 4) he caused harm and economic loss in North Carolina. (Doc. No. 59, p.13). Kushner contends that in so holding the M&R improperly departs from *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009), in which the Fourth Circuit outlines eight non-exclusive factors to be considered by courts in determining whether a defendant purposefully availed itself of the privilege of conducting business under the laws of North Carolina. However, notwithstanding the listing of potential factors that a court might consider in determining "purposeful availment" the Fourth Circuit stressed in that case that a court's inquiry "is not susceptible of mechanical application." *Consulting Eng'rs Corp.*, 561 F.3d at 278. Here, the M&R properly and carefully considered the

---

[1] Neither party disputes that this Court does not have "general" personal jurisdiction based on being "at home" in this district over either Defendant Kushner or the Gora Defendants. *See Daimler AG v. Bauman,* 571 U.S. 117 (2014).

totality of Kushner's activities and found he purposefully availed himself of the laws of North Carolina. And, this Court agrees. In summary, Kushner "purposefully directed [his efforts] toward residents of" North Carolina and a company to conduct business in North Carolina. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S. Ct. 2174, 2184, 85 L. Ed. 2d 528 (1985). Thus, the first factor of "purposeful availment" supports finding personal jurisdiction over Kushner.

Next, Kushner's legal opinion verification letter constitutes "the genesis of this dispute," and thus the second factor for specific personal jurisdiction is satisfied. *See CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 295 (4th Cir. 2009). If Kushner had not issued his legal opinion verification letter, Noble would not have been able to acquire the funds for the deposit from Raycap, and this lawsuit would not have arisen. So, Plaintiffs' claims derive out of Defendant Kushner's activities. *See Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co., 682 F.3d 292*, 303 (4th Cir. 2012).

The final factor, whether the exercise of personal jurisdiction would be constitutionally reasonable, is satisfied "if it was reasonably foreseeable that the defendant could be subject to suit [in the forum state]." *CFA Inst.*, 551 F.3d at 296. Kushner knew that North Carolina was the state in which Noble was trying to establish itself and the state where the legal opinion verification would be relied on to allow start-up operations to proceed. Consequently, he could reasonably foresee being held accountable for his actions in the state of North Carolina. In sum, all three factors for specific personal jurisdiction are satisfied.

Kushner's second ground for dismissal and related objection to the M&R is that the Court should dismiss the claims against him for improper venue because he contends the case does not fall within any of the categories in 28 U.S.C. § 1391(b). (Doc. No. 11). However, the alleged

facts establish that a substantial part of the events giving rise to the claims against Kushner happened in North Carolina. The loan agreement related to the start-up operations for a business to be in North Carolina; Bank of America – headquartered in North Carolina – was the bank holding the alleged restricted account that Defendant Kushner allegedly failed to investigate; and Kushner communicated with Plaintiff's counsel Defendant Hull – a North Carolina attorney. (Doc. No. 14). These facts confirm that a "substantial" part of the events giving rise to Plaintiffs' claims occurred (or should have occurred) in North Carolina. *See Ciena Corp. v. Jarrard*, 203 F.3d 312, 318 (4th Cir. 2000) (holding that the place where injury is "sustained" is an appropriate venue); *Ferro Prods. Corp. v. Cattrell Cos., Inc.*, 2015 WL 5721605, at *4 (S.D. W. Va. Sep. 29, 2015) ("where [] negotiations occur, venue can be proper in both districts from which communications are sent"). Therefore, the M&R correctly recommended denying the motion to dismiss for improper venue.

Accordingly, both of Defendant Kushner's grounds for dismissal fail and thus his motion to dismiss will be denied in accordance with the M&R. (*See* Doc. No. 59).

### b. The Gora Defendants' Motion to Dismiss

The Gora Defendants, like Defendant Kushner, challenge the Court's personal jurisdiction over them. (Doc. No. 49). The analysis in the M&R of the Court's personal jurisdiction over the Gora Defendants closely follows its analysis of Kushner's motion. Just as Kushner did, the Gora Defendants emphasize their out of state residency. *Id*. However, the Gora Defendants had many contacts with Defendant Hull, Plaintiff's North Carolina attorney and acted as Reinhart's counsel in the alleged lending scheme. Thus, he was an important participant that "substantially collaborated with a forum resident [both Noble and Hull] and [their] joint enterprise [the legal representation of Reinhart in the financing and loan agreement with Noble]"

is integral to this case. *Tire Eng'g & Distrib*., LLC, 682 F.3d at 302. Additionally, the case for the exercise of personal jurisdiction over the Gora Defendants is strengthened because Mr. Gora traveled to North Carolina to Defendant Hull's office to meet with a Noble representative. (Doc. No. 48-1, pp. 3-4). Consequently, the first factor of purposeful availment is satisfied.

As stated previously, the second factor is satisfied where the Gora Defendants' activities constitute "the genesis of this dispute." *CFA Inst*., 551 F.3d at 295. Plaintiffs allege claims for fraud and negligent misrepresentation against the Gora Defendants, contending that the Gora Defendants enabled and prolonged the fraudulent loan scheme by making statements to Noble that were knowingly false concerning the Bank of America restricted account. Also, Plaintiffs allege that the Gora Defendants continuously made misrepresentations about Reinhart's obligations under the loan agreement "in an apparent effort to continue the fraud and delay Noble and Raycap from taking legal action, including [delaying Plaintiffs from] reporting Reinhart and Gora to the authorities." (Doc. No. 39). Consequently, Plaintiff has sufficiently alleged that the Gora Defendant's communications to Noble and Hull and his trip to North Carolina gave rise to and were the genesis of Plaintiffs' claims.

Lastly, the third and final jurisdictional factor is satisfied as it was "reasonably foreseeable" that the Gora Defendants would be subject to suit in North Carolina because the business transaction for which Richard Gora provided legal representation concerned a start-up in North Carolina and he traveled to North Carolina to facilitate relevant communications. *See CFA Inst*., 551 F.3d at 296. Therefore, the M&R's recommendation to deny the Gora Defendant's motion to dismiss for lack of personal jurisdiction will be adopted.

The Gora Defendants also move to dismiss the fraud and negligent misrepresentation claims against them for failure to state a claim. (Doc. No. 49). To allege fraud under North

Carolina law, "the plaintiff must establish that the defendant (1) made a false representation of material fact, (2) knew it was false (or made with reckless disregard of its truth or falsity), and (3) intended that the plaintiff rely upon it. In addition, (4) the plaintiff must be injured by reasonably relying on the false representation." *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 194 F.3d 505, 512 (4th Cir. 1999) (citing *Ragsdale v. Kennedy*, 286 N.C. 130, 209 S.E.2d 494, 500 (N.C. 1974)). Also, to satisfy Fed.R.Civ.P. 9(b)'s particularity requirement, a plaintiff must "at a minimum [] describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc*., 525 F.3d 370, 379 (4th Cir. 2008) (internal quotations and citations omitted).

The Gora Defendants argue that Plaintiffs "fail to identify the time, place, and contents of any false representations, along with how each Plaintiff reasonably and detrimentally relie[d] thereon," thus failing to satisfy the particularity requirements of Rule 9(b) for the first element of fraud, that they made a false representation of material fact. (Doc. No. 49, p. 8). The M&R concedes that as to the pre-deposit representation it is doubtful whether the particularity requirements for a fraud claim are satisfied. As to that representation, the complaint only alleges, without supporting details, that Mr. Gora "had at various times represented to Noble that Reinhart had established the Restricted Account and that the Deposit had been deposited therein." (Doc. No. 39, p. 7).

However, the SAC more specifically pleads various statements that Mr. Gora allegedly made to Noble between the end of April 2019 and July 2019, after the deposit was made. (Doc. No. 39, pp. 14-15). These statements related to both Reinhart's intentions about the $55 million loan and the return of the $2.765 million deposit given the failure to fund the loan. *Id*. As the

M&R notes, as to each of these statements the particularity requirement is satisfied – the dates of the emails are provided, and there are direct quotations from the emails from Mr. Gora to Noble. *Id*. The Fourth Circuit has held that "[a] court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." *Harrison v. Westinghouse Savannah River Co*., 176 F.3d 776, 784 (4th Cir. 1999). As concluded in the M&R, these factors counsel against dismissal and accordingly the Court will allow Plaintiffs' fraud claim to proceed at this stage.

Alternatively, the Gora Defendants contend Plaintiffs' fraud claim fails because Plaintiffs cannot prove that they were injured by the alleged misrepresentation. *Food Lion, Inc*., 194 F.3d at 512 (specifying that an element for a successful fraud claim under North Carolina law is injury through reasonable reliance). However, the Court agrees with the M&R that Plaintiffs sufficiently allege detrimental reliance by contending that they "relied on Gora's false statements that the Restricted Account had been established by Reinhart and without this representation, the Deposit never would have been made…and Plaintiffs would not have lost $2,765,000." (Doc. No. 52, p. 13). Furthermore, after the deposit was made, Plaintiffs allege they detrimentally relied by "not taking legal action" because Mr. Gora's statements "continu[ed] to conceal the fraud and delay." *Id*. at p. 14; *see Christopher's Arizona Transp. Serv., Inc. v. Duncan*, 217 F.3d 838 (4th Cir. 2000) (citing *Rowan Cnty. Bd. of Educ. v. United States Gypsum Co*., 103 N.C. App. 288, 407 S.E.2d 860, 863 (N.C. App. 1991)) ("North Carolina courts have acknowledged that reasonable reliance can be proved by acting or by 'refraining from action' because of the fraudulent misrepresentation"). In sum, Plaintiffs have sufficiently alleged the minimum

elements necessary to state a fraud claim and put Defendants on notice of the claims against them.

The Gora Defendants argue Plaintiffs failed to sufficiently plead a claim for negligent misrepresentation under North Carolina law. (Doc. No. 49). For Plaintiffs to succeed on a negligent misrepresentation claim they must prove that they (1) justifiably relied to their detriment on (2) information prepared without reasonable care (3) by a person who owed the relying party a duty of care. *See Wiener v. AXA Equitable Life Ins. Co.,* No. 3:18-cv-00106-RJC-DSC, 2020 U.S. Dist. LEXIS 98987, at *10 (W.D.N.C. June 4, 2020). Rule 9(b)'s particularity requirement applies with equal force to a claim for negligent misrepresentation as it does to fraud claims. *Carlton v. First Tennessee Bank Nat'l Assoc.*, 2020 WL 1228482, at *8 (W.D.N.C. Mar. 12, 2020) ("[the] heightened requirements [of Rule 9(b)] apply equally to a claim for negligent misrepresentation" (citing *Topshelf Mgmt., Inc. v. Campbell-Ewald Co*., 117 F. Supp. 3d 722, 727 (M.D.N.C. 2015)). The M&R concluded that given the significant overlap between the fraud and negligent misrepresentation claims and the same pleading standards, the negligent misrepresentation claim survives for much of the same rationale. This Court agrees.

Plaintiffs contend the Gora Defendants made statements to them "purporting to show the movement of millions of dollars [and the] return [of] Noble and Raycap's $2,765,0000" and that these statements were "prepared without any care, let alone reasonable care." (Doc. No. 52, p. 14); *see* (Doc. No. 39, pp. 14-15). Also, the M&R correctly adopted the North Carolina Supreme Court's broad interpretation of who owes a duty of care in the negligent misrepresentation context and found the Gora Defendants owe such a duty here. *See Raritan River Steel Co. v. Cherry, Bekaert & Holland*, 367 S.E.2d 609, 617 (N.C. 1988) ("liability should extend not only to those with whom [the professional] is in privity or near privity, but also to those persons, or

class of persons, whom he knows and intends will rely on his opinion, or whom he knows his client intends will so rely"); *see also Pearson v. Gardere Wynne Sewell LLP*, 814 F. Supp. 2d 592, 607 (M.D.N.C. 2011) (collecting cases from North Carolina state courts where a duty to act in a certain way extended from an attorney for an opposing party in an arm's length transaction to plaintiffs "because the defendant attorneys undertook to provide legal advice, services, or opinion directly to the plaintiffs for the purpose of inducing the plaintiffs to enter into a transaction with their clients, thus acting in a way that directly affects the plaintiffs").

Taking Plaintiff's allegations as true, the Gora Defendants made various misrepresentations that induced Noble to enter into the loan agreement with Reinhart and to make the deposit into the Restricted Account. (Doc. No. 39, p. 22). And, the Gora Defendants had a pecuniary interest because "Gora made these misrepresentations and omissions for the purpose of…ultimately [benefiting] himself in order to be paid hundreds of thousands of dollars in 'legal fees.'" (Doc. No. 39, p. 21-22). Thus, Plaintiffs have plausibly alleged that the Gora Defendants owed a duty of care to them and failed to exercise that duty reasonably. Plaintiffs have furthermore adequately alleged justifiable reliance on such misrepresentations for the reasons discussed in the Court's analysis of the motion to dismiss Plaintiff's fraud claim.

In conclusion, Plaintiffs have sufficiently alleged the minimum elements necessary to state a negligent misrepresentation claim. Therefore, the Gora Defendants' motion to dismiss Plaintiffs' fraud and negligent misrepresentation claims will be denied in accordance with the M&R.

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. The Court adopts the findings and conclusions of the M&R and accepts its recommendation to deny Defendants' motions;

2. Defendants' Motions to Dismiss (Doc. No. 9, 45, 48) are **DENIED;** and

3. This matter shall proceed towards a decision on the merits absent a voluntary resolution of Plaintiffs' claims among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Kenneth D. Bell
United States District Judge