IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-363-KDB-DCK

| | |
|---|---|
| NOBLE BOTTLING, LLC, and RAYCAP ASSET HOLDINGS LTD., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) **ORDER** <br>) |
| HULL & CHANDLER, P.A., NATHAN M. HULL, JOSHUA A. KUSHNER, GORA LLC, and RICHARD GORA, | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiffs' "Motion To Amend Plaintiffs' Second Amended Complaint" (Document No. 84) filed August 4, 2022. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>grant</u> the motion to amend, and direct that the pending motion to dismiss be <u>denied</u> as moot.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001));  see also Foman v. Davis, 371 U.S. 178, 182 (1962).  However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

## DISCUSSION

The undersigned is not persuaded there is sufficient evidence of prejudice, bad faith, or futility to outweigh the interests of justice that favor granting leave to amend;  therefore, the undersigned will allow Plaintiffs to file a Third Amended Complaint which supersedes the Second Amended Complaint.[1]  Furthermore, the undersigned will direct that "Defendant Gora LLC And Richard Gora's Motion To Dismiss For Lack Of Subject Matter Jurisdiction" (Document No. 90) be denied as moot.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect.");  see also Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'");  Colin v. Marconi Commerce Systems Employees'

---

[1] The Court notes that Plaintiffs Noble Bottling, LLC and Raycap Asset Holdings Ltd. and Defendants Hull & Chandler, P.A. and Nathan M. Hull made a filing on September 12, 2022 (Document No. 101) that the Court construes as a Notice of Settlement as between these parties.

Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Brown v. Sikora and Associates, Inc., 311 F. App'x 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

To the extent Defendants contend the Third Amended Complaint is deficient, this Order is without prejudice to Defendants filing a renewed motion to dismiss the Third Amended Complaint, as appropriate.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' "Motion To Amend Plaintiffs' Second Amended Complaint" (Document No. 84) is **GRANTED**. [2]

**IT IS FURTHER ORDERED** that Plaintiffs shall file their Third Amended Complaint on or before **September 16, 2022**.

**IT IS FURTHER ORDERED** that "Defendant Gora LLC And Richard Gora's Motion To Dismiss For Lack Of Subject Matter Jurisdiction" (Document No. 90) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: September 13, 2022

David C. Keesler
United States Magistrate Judge

---

[2] The "Administrative Procedures Governing Filing and Service by Electronic Means," revised January 1, 2018, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."