IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte DIVISION
CIVIL ACTION NO. 3:20-cv-00363-KDB-DCK

| | |
|---|---|
| Raycap Asset Holdings Ltd. and Noble Bottling, LLC, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) **ORDER** ) |
| Joshua A. Kushner; Gora LLC; and Richard Gora, | ) ) ) |
| Defendants. | ) ) ) |

**THIS MATTER** is before the Court on the Gora Defendants' appeal of/objection to the Magistrate Judge's Order granting Plaintiff's Motion to Amend their Second Amended Complaint and denying as moot the Gora Defendants' Motion to Dismiss for lack of subject matter jurisdiction. (Doc. No. 103 (Order); (Doc. No.109 (Appeal/Objection)) . For the reasons briefly discussed below, the Court will deny the Motion / Appeal.

The Gora Defendants focus their appeal / objection on the Court's denial of their motion to dismiss. A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters, including motions to dismiss. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Objections to the magistrate's proposed findings and recommendations must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616,

1

622 (4th Cir.), cert. denied, 551 U.S. 1157 (2007). However, the Court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

After an independent review of the Magistrate Judge's decision, the Gora Defendants' Objection thereto, and a *de novo* review of the motions and the full record in this matter, the Court concludes that the decision to grant Plaintiff's Motion to Amend their Second Amended Complaint and deny the Gora Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is correct and in accordance with the law.

The Gora Defendants argue that the Magistrate applied the incorrect standard and applying the proper standard, this case should be dismissed for lack of subject matter jurisdiction. However, the Court disagrees. In determining whether a court has subject matter jurisdiction over a case, it has been long held that the court looks to the basis for jurisdiction including the citizenship of the parties at the time of filing. *Grupo Datflux v. Atlas Global Group, L.P*., 541 U.S. 567, at 570-71, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004) ("This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure."); *see also Mollan v. Torrance*, 9 Wheat. 537, 539, 6 L.Ed. 154 (1824). Here, the basis for subject matter jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332, which states that the federal courts have jurisdiction over civil actions in which "the matter in controversy exceeds the sum or value of $75,000 ... and is between citizens of different States." 28 U.S.C. § 1332(a); *see* Doc. No. 32. It is undisputed that there was no diversity at the time of filing: Jeremy Lantz (and possibly Richard

Seth and Geoffrey Ballard), a member of Noble Bottling, is a citizen of North Carolina, as is Defendant Nathan M. Hull and Hull & Chandler, P.A .

The dismissal of a party that destroys diversity has "long been an exception to the time-of-filing rule." *Grupo Dataflux*, 541 U.S. at 572. "[T]he question always is, or should be, when objection is taken to the jurisdiction of the court by reason of the citizenship of some of the parties, whether . . . they are indispensable parties, for if their interests are severable and a decree without prejudice to their rights may be made, the jurisdiction of the court should be retained and the suit dismissed as to them." *Horn v. Lockhart*, 84 U.S. 570, 17 Wall. 570, 579, 21 L. Ed. 657 (1873).

Rule 21 of the Federal Rules of Civil Procedure provides that the court "may, at any time, on just terms, add or drop a party. The court may also sever any claim against a party." It is well-established that "Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." *Grupo Dataflux*, 541 U.S. at 572-573; *Koehler v. Dodwell*, 152 F.3d 304, 308 (4th Cir. 1998) (recognizing the well-settled rule that "a [dispensable] party . . . whose presence deprives the court of jurisdiction may be dropped or severed from the action" to preserve jurisdiction); *see also Pannell v. Scruggs*, No. 1:18-cv-00271-MR-WCM, 2020 WL 5095590 at *2 (W.D.N.C. Aug. 28, 2020) ("Even when there is no subject matter jurisdiction on the basis of diversity at the time of filing, jurisdiction can be salvaged by dismissing a non-diverse party, even after the entry of judgment in certain circumstances, such as when it is a dispensable party"); *Hesed-El v. Bryson*, No. 1:21-CV-00305-MR-WCM, 2022 WL 4287975, at *5 (W.D.N.C. July 12, 2022), report and recommendation adopted, No. 1:21-CV-00305-MR-WCM, 2022 WL 3370797 (W.D.N.C. Aug. 16, 2022) (same); *Tinsley v. Streich*, 143 F.Supp.3d 450, 462 (W.D. Va. 2015) (Rule 21 "provides federal courts with the discretion to drop non-diverse parties in order to achieve complete diversity, as long as that

3

party is not indispensable under Rule 19 ....") (citing *Koehler v. Dodwell*, 152 F.3d 304, 308 (4th Cir. 1988)); *Levisa Coal Co. v. Consolidation Coal Co.*, No. 19CV00117, 2001 WL 515262, at *4 (W.D. Va. Jan. 30, 2001) ("federal district courts may cure defects in diversity as opposed to dismissing an action for lack of jurisdiction. However, the court has discretion, and it does not follow as a matter of right that the court should cure defects in diversity at the mere desire of the plaintiff") (internal quotations omitted). Accordingly, the Court has the authority to allow Plaintiffs to amend their complaint and dismiss the Hull Defendants to cure the jurisdictional defect if the Hull Defendants are not indispensable parties.

Under Rule 21, the party being dismissed must be dispensable. *See Hardaway v. Checkers Drive-In Restaurants, Inc.*, 483 F. App'x 854, 855 (4th Cir. 2012). The Court considers four factors in determining whether a party is indispensable: (1) the extent to which a judgment rendered in the party's absence might prejudice that party or the existing parties; (2) the extent to which any prejudice could be lessened or avoided; (3) whether a judgment rendered in the party's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. *See* Fed. R. Civ. P. 19(b); *see also Gunvor SA v. Kayablian*, 948 F.3d 214, 221-22 (4th Cir. 2020)

Having considered these factors, the Court finds the Hull Defendants are not indispensable parties. While the Plaintiffs' claims against the Hull Defendants arise out of the same factual circumstance, their presence in this action is not necessary to resolve the fraud or negligent misrepresentation claims against the Gora Defendants or Kushner. *See Temple v. Synthes Corp., Ltd.,* 498 U.S. 5, 7, 111 S. Ct. 315, 112 L. Ed. 2d 263 (1990) (citing *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 329-30, 75 S. Ct. 865, 99 L. Ed. 1122 (1955); *Bigelow v. Old Dominion Copper Mining & Smelting Co.*, 225 U.S. 111, 132, 56 L. Ed. 1009, 32 S. Ct. 641 (1912).) ("it has

4

long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."). Plaintiffs' claims are based on independent actions and inactions "arising from misrepresentations made by Gora and Kushner concerning the funds, the establishment of the Restricted Account and about how forthright and experienced the Gora Defendants' client allegedly was with Gora." *See* Doc. No. 119. Consequently, any judgment would be adequate to address the claims between the remaining parties and the Gora Defendants will not be prejudiced by the rendering of a judgment in the absence of the Hull Defendants. [1,2]

**NOW THEREFORE IT IS ORDERED THAT** The Gora Defendants' Motion, (Doc. No. 109), is **DENIED.**

**SO ORDERED**

Signed: October 24, 2022

Kenneth D. Bell
United States District Judge

---

[1] Plaintiffs and the Hull Defendants filed a Notice of Settlement on 9/12/2022. *See* Doc. No. 101. Accordingly, the Hull Defendants will be dismissed upon the filing of a stipulation of dismissal.

[2] The Gora Defendants may still file a third-party complaint against the Hull Defendants. A "third-party defendant joined under Federal Rule of Civil Procedure 14 does not become a defendant as against the original plaintiff, so that federal jurisdiction is not destroyed where those parties are citizens of the same state." *Spring City Corp. v. American Bldgs. Co.*, 193 F.3d 165, 169 (3rd Cir. 1999); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67 n.1, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996) ("The fact that [plaintiff] and [third-party defendant] may be co-citizens is completely irrelevant. Unless [plaintiff] chooses to amend his complaint to assert a claim against [third-party defendant], [plaintiff] and [third-party defendant] are simply not adverse, and there need be no basis of jurisdiction between them."); *Claudio v. MGS Machines Corp.*, 798 F. Supp. 2d 575, 2011 U.S. Dist. LEXIS 66454, 2011 WL 1642469 (E.D. PA. 2011) (federal subject matter jurisdiction does not require diversity between plaintiff and third-party defendant when there are no direct claims between them).