IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00363-KDB-DCK

RAYCAP ASSET HOLDINGS
LTD; NOBLE BOTTLING, LLC,

Plaintiffs,

v.

JOSHUA A. KUSHNER; GORA
LLC;RICHARD GORA,

Defendants.

ORDER

**THIS MATTER** is before the Court on Defendants' Motions to Dismiss Plaintiffs' Third Amended Complaint. (Doc. Nos. 111, 113). The Court has carefully considered these motions, the parties' briefs, and other pleadings of record. As discussed below, the Court will deny the Motions.

## I. DISCUSSION

Plaintiffs' claims arise out of Reinhart Holdings LLC's ("Reinhart") agreement to lend Plaintiff Noble Bottling LLC ("Noble") approximately $55 million for Noble's formation and start-up. (Doc. No. 105). As part of that lending agreement Noble was required to deposit 5 percent of the loan amount, 2.765 million dollars, in a restricted Bank of America account as security for the loan. *Id*. Plaintiff Raycap Asset Holding Ltd. ("Raycap") executed an agreement with Noble to fund the deposit. The loan was never made, and the deposit was ultimately stolen by Reinhart. *Id*. Defendants, in various roles and to varying degrees, allegedly participated in verifying to the Plaintiffs the authenticity and security of the restricted Bank of America account. Relevant to these motions, Reinhart retained Joshua Kushner ("Defendant Kushner") to author an opinion letter ("legal opinion verification") to Noble and Raycap verifying the security of the account. *Id*.

1

Richard Gora and his law firm, Gora LLC ("Gora Defendants") purported to act as "counsel for Reinhart in relation to the Loan agreement." *Id*.

Plaintiffs filed their original complaint on July 3, 2020. *Id*. On September 29, 2022, Plaintiffs filed a "Third Amended Complaint" ("TAC") (Doc. No. 105), which is now the operative complaint. In the TAC, Plaintiffs allege claims for legal malpractice, negligence, negligent misrepresentation, and breach of fiduciary duty against Defendant Kushner and claims for fraud and negligent misrepresentation against the Gora Defendants. *Id*. Defendant Kushner and the Gora Defendants previously moved to dismiss Plaintiffs' second amended complaint for: (1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; and (4) failure to state a claim. (*See* Doc. Nos. 9, 45, 48, 90). The Court denied these motions. (*See* Doc. Nos. 64, 121). The Defendants have now moved to dismiss Plaintiffs' third amended complaint raising substantially the same arguments. (*See* Doc. No. 111, 113).

### A. Defendant Kushner's Motion to Dismiss

As noted above, and conceded by Kushner, his motion "realleges and incorporates" his previously filed motion to dismiss, which the Court denied. *See* Doc. No. 112, p. 2. Kushner asks the Court to reconsider its previous personal jurisdiction ruling in light of the North Carolina Court of Appeals' opinion in *Bartlett v. Burke* (No. COA22-95). Having review the opinion in *Bartlett v. Burke*, the Court concludes that its previous ruling is still correct and in accordance with law for the reasons stated in the Order, *see* Doc No. 64. Therefore, the Court will again deny Kushner's Motion to dismiss for lack of personal jurisdiction and improper venue.[1]

---

[1] Kushner has adopted the Gora Defendants' subject matter jurisdiction argument in his motion. *See* Doc. No. 112, p. 1-2. The Court will deny his motion as to that argument for the reasons stated in its earlier order. *See* Doc. No. 121.

### *b. The Gora Defendants' Motion to Dismiss*

Like Kushner, most of the Gora Defendants' motion is a re-argument of their previous motions. Consequently, the Court will deny the motion as to the personal jurisdiction and subject matter jurisdiction arguments for the reasons stated in its previous orders. (*See* Doc. Nos. 64, 121).

That said, the Gora Defendants raise a new argument in their motion. The Gora Defendants argue that Raycap's claims against them should be dismissed in their entirety for lack of standing. The Gora Defendants contend: (1) the Third Amended Complaint fails to allege the Gora Defendants ever made any statement to Raycap; (2) Raycap is not a party to the Loan Agreement and therefore, any claim is without merit; and (3) Raycap received exactly what it sought in the Funding Agreement: a promise from Noble to repay Raycap's loan. Therefore, the Gora Defendants conclude if Raycap has a claim against any person, it is a breach of contract claim against Noble. However, the Court disagrees.

While there was no privity between the Gora Defendants and Raycap, in North Carolina someone who relies on a professional's opinion may have a claim for negligent misrepresentation, absent privity, if the professional knows his opinion will be relied on by that person. *See Raritan River Steel Co. v. Cherry, Bekaert & Holland*, 322 N.C. 200, 214, 367 S.E.2d 609, 617 (1988). Here, Plaintiffs have alleged: (1) that the Gora Defendants were aware that Noble had entered into the Deposit Loan Agreement with Raycap and that Noble's ability to provide the Deposit was contingent upon Noble's ability to satisfy the Restricted Account Verification; (2) that the Gora Defendants knew throughout the transaction and aftermath that Raycap had loaned the money to Noble to fund the transaction; (3) that Mr. Gora knew that Kushner's Legal Opinion Verification was intended to induce, and did induce, Noble and Raycap to believe that the Restricted Bank Holding Instructions Agreement was a valid, legally enforceable binding agreement; and (4) that

after the funding of the deposit Gora sent Noble four false "transaction confirmations" purporting to show the movement of millions of dollars to delay Noble and Raycap from taking legal action. *See* Doc. No. 105, ¶ ¶ 42, 53. These allegations are sufficient to survive a motion to dismiss. The Court will therefore deny the Gora Defendants' motion in its entirety.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Motions to Dismiss (Doc. No. 111, 113 ) are **DENIED**; and
2. This matter shall proceed towards a decision on the merits absent a voluntary resolution of Plaintiffs' claims among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: November 28th, 2022

Kenneth D. Bell
United States District Judge