IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00363-KDB-DCK

| | |
|---|---|
| NOBLE BOTTLING, LLC AND RAYCAP ASSET HOLDINGS LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>GORA LLC, ET AL.,<br><br>Defendants. | ORDER |

**THIS MATTER** is before the Court on Plaintiffs' Motion to Compel Discovery Responses from Gora, LLC (Doc. No. 132). The Court has carefully considered this motion and the parties' briefs and exhibits. For the reasons and in the manner discussed below, the Court will **GRANT** the motion.

## I. LEGAL STANDARD

The rules of discovery are to be accorded broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *CareFirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). Federal Rule of Civil Procedure 26(b)(1) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

1

However, where privileged information is sought, the discovery rules limit disclosure, as appropriate to the privilege. Here, Plaintiffs claim that Defendants Richard Gora and Gora, LLC (together "Gora") – an attorney and his law firm – committed fraud and negligent misrepresentation in connection with a commercial loan transaction in which Plaintiffs were allegedly defrauded. Accordingly, Plaintiffs have sought discovery of communications related to the transaction, including communications between Gora and their client. Gora has refused to produce the requested discovery, asserting that it is protected by the attorney-client privilege and/or as attorney work product.

Where a party fails to respond to an interrogatory or a request for production of documents, the party seeking discovery may move for an order compelling an answer to the interrogatories or the production of documents responsive to the request. Fed. R. Civ. P. 37(a)(3)(B). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *See Earthkind, LLC v. Lebermuth Co. Inc*., No. 519CV00051KDBDCK, 2021 WL 183413, at *2 (W.D.N.C. Jan. 19, 2021); *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016) ("[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." (quoting *Kinetic Concepts, Inc. v. ConvaTec Inc*., 268 F.R.D. 226, 243 (M.D.N.C. 2010))). Fed. R. Civ. P. 37(a)(1). The decision to grant or to deny a motion to compel production rests within the broad discretion of the trial court. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc*., 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion." (citation omitted)); *LaRouche v. Nat'l Broad. Co*., 780 F.2d 1134, 1139 (4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court.").

As noted, the resolution of the pending motion to compel turns on the application of the attorney-client privilege.

The Supreme Court has explained:

The attorney–client privilege is the oldest of the privileges for confidential communications known to the common law. Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client.

*See Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (citation omitted). The Federal Rules of Civil Procedure specifically dictate how the privilege must be asserted: "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A); *see also United States v. Bornstein*, 977 F.2d 112, 116 (4th Cir. 1992) (declaring that one who invokes a privilege "bear[s] the burden of proving that [it] applies"); *RLI Ins. Co. v. Conseco, Inc.*, 477 F. Supp. 2d 741, 751 (E.D. Va. 2007) ("[I]t is incumbent upon the proponent to specifically and factually support his claim of privilege." (citation omitted)).

Further, the scope of the attorney-client privilege is not unbounded. "Both the attorney-client and work product privileges may be lost ... when a client gives information to an attorney for the purpose of committing or furthering a crime or fraud." *In re Grand Jury Proc. #5 Empanelled Jan. 28, 2004*, 401 F.3d 247, 251 (4th Cir. 2005). This limit on the privileges attendant to the attorney-client relationship is known as the "crime-fraud exception."

3

"The party asserting the crime-fraud exception ... must make a prima facie showing that the privileged communications fall within the exception." *Id*. More specifically, the Fourth Circuit has held that:

> … the party invoking the crime-fraud exception must make a prima facie showing that (1) the client was engaged in or planning a criminal or fraudulent scheme when he sought the advice of counsel to further the scheme, and (2) the documents containing the privileged materials bear a close relationship to the client's existing or future scheme to commit a crime or fraud. Prong one of this test is satisfied by a prima facie showing of evidence that, if believed by a trier of fact, would establish the elements of some violation that was ongoing or about to be committed. Prong two may be satisfied with a showing of a close relationship between the attorney-client communications and the possible criminal or fraudulent activity.

*Id*. (citations omitted). The crime-fraud exception exists to recognize that "the attorney-client privilege cannot serve as a shield for fraud or as a tool to aid in the commission of future criminal activities; if a communication is not 'made in the course of seeking or giving legal advice for a proper purpose,' it is not protected." *In Re Miller,* 357 N.C. 316, 335 584 S.E.2d 772, 786 (2003). Therefore, for the exception to apply, the attorney need not be aware of the illegality involved. *See Id.* Rather, "it is enough that the communication furthered, or was intended by the client to further, that illegality." *Id*. (internal citations omitted).

A district court may review the documents claimed to be privileged *in camera* to determine the applicability of the crime-fraud exception. *United States v. Zolin*, 491 U.S. 554, 572 (1989). Before engaging in *in camera* review, "the judge should require a showing of a factual basis adequate to support a good faith belief by a reasonable person that *in camera* review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies." *Id*. (citation omitted). Once that showing is made, the decision whether to engage in in camera review rests in the sound discretion of the district court. The court should make that decision in light of the facts and circumstances of the particular case, including, among other things, the volume of

4

materials the district court has been asked to review, the relative importance to the case of the alleged privileged information, and the likelihood that the evidence produced through in camera review, together with other available evidence then before the court, will establish that the crime-fraud exception does apply. *Id*.

## II. FACTS AND PROCEDURAL HISTORY

The claims in this action arise out of Reinhart Holdings LLC's ("Reinhart") agreement to lend Plaintiff Noble Bottling LLC ("Noble") approximately $55 million for Noble's formation and start-up of a bottling plant. (Doc. No. 105). As part of that lending agreement, Noble was required to deposit 5 percent of the loan amount, 2.765 million dollars, in a restricted Bank of America account as security for the loan. *Id*. Plaintiff Raycap Asset Holding Ltd. ("Raycap") executed an agreement with Noble to fund the deposit. The loan was never made, and the deposit was ultimately stolen by Reinhart. *Id*. The Defendants, in various roles and to varying degrees, allegedly participated in verifying to the Plaintiffs the authenticity and security of the restricted Bank of America account. Relevant to these motions, Richard Gora and his law firm, Gora LLC ("Gora") purported to act as "counsel for Reinhart in relation to the Loan agreement." *Id*.[1]

Plaintiffs filed their original complaint on July 3, 2020, seeking to recoup the loss of their funds. *Id*. On September 29, 2022, Plaintiffs filed a "Third Amended Complaint" ("TAC") (Doc. No. 105), which is now the operative complaint. In the TAC, Plaintiffs allege claims for fraud and negligent misrepresentation against Gora. *Id*. Specifically, Plaintiffs allege that Gora represented to Noble that Reinhart had established the restricted Bank of America account and that the $2.765M had been deposited. *Id*. at ¶ 21.

---

[1] Plaintiffs have settled their claims against the Defendants other than Gora, who are the only remaining Defendants.

5

On May 23, 2022, Noble served its First Set of Interrogatories, First Set of Requests for Production, and First Set of Requests for Admission upon Gora LLC. On June 9, 2022, Gora LLC filed for a consent motion for extensions of time to respond to Noble's discovery requests which the court granted. (Doc. Nos. 82-83). On July 22, 2022, Gora LLC filed responses to Noble's discovery requests alleging *inter alia* that the court did not have subject matter jurisdiction to hear the case. In Gora LLC's answers to Noble's discovery requests, Gora LLC's response for each question was:

> In addition to the General Objection, each of which is specifically incorporated herein, Defendant specifically object to this request because the Court lacks subject matter jurisdiction over this action due to the lack of diversity of citizenship of the parties. Accordingly, the Court should enter an order to show cause why the defendants and counsel for the defendants should not be sanctioned under Rule 11 of the Federal Rules of Civil Procedure. Defendant further objects to this interrogatory because it seeks information protected by the attorney-client privileged (sic) and the attorney- work product doctrine. Defendant further objects to this interrogatory because it is vague, ambiguous, overly broad, unduly burdensome not reasonably proportionate to the needs of this case, and not reasonable calculated to lead to the discovery of material relevant to any claim or defendant in this action. Defendant reserve its right to assert any further and additional objections.

(Doc. No. 133-1).

After Plaintiffs were permitted to amend their complaint on September 13, 2022, Plaintiffs' counsel communicated regarding the outstanding discovery with Gora LLC's counsel, who committed "to review the Gora Defendants' discovery responses and provide supplemental responses if warranted by Friday, September 30, 2022." (*See* Doc. No. 133-2). On October 3, 2022, Noble's counsel sent a letter to Gora LLC's counsel inquiring about the status of the supplementation of the discovery responses. (Doc. No. 133-3). On October 5, 2022, plaintiffs wrote to Magistrate Judge Keesler regarding Gora's failure to produce, who responded by directing counsel for the parties to confer in good faith.

On October 11, 2022, Gora LLC supplemented its response to Noble's discovery requests. Rather than providing substantive responses, Gora LLC continued to object to each one of the numerous discovery requests on the grounds of an alleged lack of subject matter jurisdiction as follows:

> **OBJECTION**: In addition to the General Objections, each of which is specifically incorporated herein, Defendant specifically objects to this interrogatory because the Court lacks subject matter jurisdiction over this action due to the lack of diversity of citizenship of the parties. Accordingly, the Court should enter an order to show cause why the defendants and counsel for the defendants should not be sanctioned under Rule 11 of the Federal Rules of Civil Procedure. Defendant further objects to this interrogatory because it seeks information protected by the attorney-client privileged and the attorney-work product doctrine. Defendant further objects to this interrogatory because it is vague, ambiguous, overly broad, unduly burdensome, not reasonably proportionate to the needs of this case, and not reasonably calculated to lead to the discovery of material relevant to any claim or defense in this action. Defendant reserves its right to assert any further and additional objections.
>
> **SUPPLEMENTAL OBJECTION**: In addition to the General Objections and Defendant's prior objections, each of which is specifically incorporated herein, Defendant objects to this interrogatory because the Court has yet to substantively address the subject matter jurisdiction issues in this action, and the Court lacked jurisdiction to authorize the amendment of Plaintiffs Second Amended Complaint. *See Saxon Fibers*, 118 F. App'x at 753. Accordingly, this action should be dismissed in its entirety for lack of subject matter jurisdiction.

After receiving this supplemental response, on October 12, 2022, Plaintiffs sent a letter to and participated in a Zoom conference with Gora LLC's counsel to discuss the discovery responses. On October 19, 2022 – two days before the Court's October 21, 2022, discovery deadline – Gora LLC produced a second supplementation to Noble's discovery requests. Gora LLC also produced a one-page "privilege log" for Noble's requests for production of documents:

| No. | Document | Privilege |
|---|---|---|
| 1 | Any and all communications between Gora LLC (and/or its representatives) and Reinhart Holdings, LLC (and/or its representatives) from November 29, 2018, to August 5, 2019 | Attorney-client privilege; Work product |
| 2 | Any and all communications between Richard Gora and Reinhart Holdings, LLC (and/or its representatives) from November 29, 2018, to August 5, 2019 | Attorney-client privilege; Work product |
| 3 | Any and all internal communications between and/or among representatives of Gora LLC regarding or relating to Reinhart Holdings, LLC from November 29, 2018, to August 5, 2019 | Work product |

As permitted by the Case Management Order, the parties agreed to extend the discovery period until November 15, 2022, to facilitate the taking of certain depositions. On November 8, 2022, Gora LLC produced a supplementation to Noble's requests for production. In that production, Gora LLC produced for the first time email correspondence between members of Noble and Plaintiff Raycap, Hull & Chandler P.A., Reinhart Holdings LLC, and Gora LLC. However, this supplementation did not include the requested communications between Reinhart or its representatives and Gora, which Gora continued to withhold as privileged.

On November 14, 2022, Noble's counsel again sent a letter to Gora LLC's counsel asking for responsive supplementation regarding the alleged attorney-client privileged documents. (Doc. No. 133-5). On November 18, 2022, after the dispositive motion deadline, Plaintiffs' counsel and counsel for Gora Defendants had another Zoom conference to discuss the attorney-client privilege issue. During the conference, Gora counsel stated that neither he as counsel nor his client would produce the communications between Gora and their putative client Reinhart without an order from the court compelling the testimony and production. After the video conference, on November 22, 2022, Plaintiffs' counsel again sent a letter to Judge Keesler's chamber requesting a conference to resolve the dispute. Judge Keesler declined to hold the requested telephone conference and

8

directed that if the parties could not narrow or resolve the issues, Plaintiffs could file a motion to compel. On November 30, 2022, counsel again had a video conference to resolve the issues, with no success.

The following day, December 1, 2022, Plaintiffs filed the motion to compel now before the Court. The motion is fully briefed and ripe for a decision.

## III. DISCUSSION

As discussed above, parties are generally entitled to discovery regarding any nonprivileged matter that is relevant to any claim or defense. *See* Fed. R. Civ. P. 26(b)(1). Indeed, relevant information need not be admissible at the trial to be discoverable. *Id*. See *Gaston v. LexisNexis Risk Sols., Inc*., No. 516CV00009KDBDCK, 2020 WL 1164690, at *1 (W.D.N.C. Mar. 9, 2020). There appears to be no dispute, nor could there be, that the communications Noble has requested and Gora has refused to produce are relevant and discoverable. Plaintiffs contend that Gora actively participated in or should have known of a fraudulent scheme related to a purported loan from Gora's client Reinhart to Noble. Communications between Gora and Reinhart, including, but not limited to, the fictitious "Mark Williams," are plainly relevant to those claims. Therefore, unless the Court finds that the documents are both privileged and outside the crime-fraud exception, the documents must be produced.[2]

---

[2] Gora contends that the Court should not reach the merits of Plaintiffs' motion because it is "untimely," based on the motion being filed after the close of discovery. While Gora is correct that a motion to compel "*generally* must be filed by the close of the discovery period," *Synovus Bank v. Karp*, No. 1:10CV172, 2013 WL 4052625, at *1 (W.D.N.C. Aug. 12, 2013) (emphasis added), the Court reviews the timeliness of each discovery motion with due regard for the particular facts and equities of the case in which it is filed. Here, the Court finds that a rigid application of an "end of discovery" deadline would be inequitable based on the long history of Noble's efforts to obtain the discovery, which were premised in significant part on Gora's ongoing representations that "supplementations" of their responses were forthcoming. Further, Noble raised these issues twice with Magistrate Judge Keesler, once within the Court's discovery deadline and the second time

9

However, the Court is unable to decide the application of the asserted privileges and the crime-fraud exception with finality based on the current state of the record. First, as to privileges, Gora's single page privilege log does not provide enough information to determine if *all* documents responsive to the requests are privileged. The summary privilege log – which does not identify who participated in each communication, the date of the communication or the subject matter of the communication – does not allow the Court to determine the threshold existence of either the attorney client communication privilege or the attorney work product privilege.[3]

For example, communications that include or are copied to individuals outside of Gora and Reinhart would not be privileged because their inclusion in the communication would waive any privilege which might otherwise have attached. Further, a general description of the communication, such as "email concerning receipt of wire transfer" could well undermine any claim to protection as "attorney work product," as it would be unrelated to anticipated litigation. Accordingly, the Court will order Gora to supplement its privilege log to provide sufficient information – including the identity of the participants (and those copied) for each communication, the date of the communication and the subject matter of the communication – so that Noble and the Court can meaningfully evaluate Gora's privilege claims.

Similarly, it would be premature for the Court to rule on the application of the crime-fraud exception without further inquiry. The Court finds that the record reflects "a factual basis adequate

---

only three days after the parties' extended discovery deadline. In sum, the Court will neither reward Gora's "aggressive" (or worse) discovery practices nor punish Noble's reluctance to file a motion until it became indisputably clear that the documents would not be produced by declining to reach the merits of Noble's motion.

[3] To be clear, there are some circumstances where it is typical and proper for counsel to claim privilege with respect to attorney-client communications in a summary manner (for example in commercial litigation where the conduct of the attorneys is not directly at issue). However, where, as here, the core evidence related to the claim being asserted includes the communications being claimed as privileged, a summary claim of privilege is insufficient.

to support a good faith belief by a reasonable person that *in camera* review of the materials may reveal evidence to establish that the crime-fraud exception applies" to the documents claimed to be privileged. *See Zolin*, 491 U.S. at 572. In brief summary, the record reveals 1) almost three million dollars was taken from a supposedly "restricted" Bank of America account by Gora's client Reinhart under circumstances that suggest a fraudulent scheme may have existed; 2) "Mark Williams," an individual acting under a fictitious name, was a central participant in the transaction; 3) Gora made representations regarding the ability and efforts of its client to return the deposit and/or finalize the loan; and 4) two Reinhart associates Jason Torres and Jordana Weber have been arrested on criminal charges related to the alleged scheme.[4] This information as well as other evidence could well make out a "prima facie" showing that "(1) the client was engaged in or planning a criminal or fraudulent scheme when he sought the advice of counsel to further the scheme, and (2) the documents containing the privileged materials bear a close relationship to the client's existing or future scheme to commit a crime or fraud." *In re Grand Jury Proc. #5*, 401 F.3d at 251.

Therefore, an *in camera* review is warranted. However, the scope of that review must take into account the volume and nature of the documents in dispute. Accordingly, the Court will defer ruling on the specifics of its *in camera* review until after a report from the parties on which documents remain in dispute after Gora's supplemented privilege log is prepared.

---

[4] Contrary to Gora's argument, the Court may consider the arrest of Jason Torres and Jordana Weber in determining whether *in camera* review is warranted notwithstanding the presumption of their innocence. Again, the Court need only find facts that support a good faith belief that the documents *may* be subject to the crime-fraud exception. An indictment reflects probable cause to believe a crime occurred even though a conviction for the charged crime of course requires a jury finding of guilt based on the absence of reasonable doubt. And, in any event, there is sufficient evidence independent of the arrests to support *in camera* review.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff Noble Bottling LCC's[5] Motion to Compel (Doc. No. 132) is **GRANTED** and Gora LLC is ordered to prepare and file with the Court a supplemented privilege log as described above no later than 14 days following the date of this order;

2. Within 10 days of the filing of the supplemented privilege log, the Parties are directed to report to the Court which documents listed on the privilege log remain in dispute; and

3. Following the receipt of the Parties' report, the Court will issue a supplemental order detailing which documents will be reviewed *in camera* prior to ruling on their production.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: January 9, 2023

Kenneth D. Bell
United States District Judge

---

[5] Gora argues that the discovery in dispute was served only by Noble and thus co-Plaintiff Raycap Asset Holdings LTD cannot move to compel its production. As the relief requested and ordered is the same regardless of whether one or both of the Plaintiffs are moving to compel the discovery, the Court need not and does not reach the issue of whether Raycap can join in the motion.

12