IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00363-KDB-DCK

| | |
|---|---|
| RAYCAP ASSET HOLDINGS LTD. AND NOBLE BOTTLING, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>GORA LLC AND RICHARD GORA,<br><br>Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion to Compel Discovery Responses, the Court's Order granting Plaintiff's Motion to Compel, Richard Gora and Gora LLC's ("the Gora Defendants") Supplemental Privilege log, and the parties' Joint Status Report. (Doc. Nos. 132, 143, 144, 145). For the reasons briefly discussed below, the Court will order the Gora Defendants to produce all privileged documents listed in their Supplemental Privilege log to the Court for *in camera* review.

A district court may review documents claimed to be privileged *in camera* to determine the applicability of the crime-fraud exception. *United States v. Zolin*, 491 U.S. 554, 572 (1989). Before engaging in *in camera* review, "the judge should require a showing of a factual basis adequate to support a good faith belief by a reasonable person that in camera review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies." *Id*. (citation omitted). Once that showing is made, the decision whether to engage in *in camera* review rests in the sound discretion of the district court. The court should make that decision in light of

1

the facts and circumstances of the particular case, including, among other things, the volume of materials the district court has been asked to review, the relative importance to the case of the alleged privileged information, and the likelihood that the evidence produced through *in camera* review, together with other available evidence then before the court, will establish that the crime-fraud exception does apply. *Id*. Here, the Court is satisfied that the record reflects "a factual basis adequate to support a good faith belief by a reasonable person that *in camera* review of the materials may reveal evidence to establish that the crime-fraud exception applies" to the documents claimed to be privileged. *See Zolin*, 491 U.S. at 572. As the Court has already noted, "the record reveals 1) almost three million dollars was taken from a supposedly "restricted" Bank of America account by Gora's client Reinhart under circumstances that suggest a fraudulent scheme may have existed; 2) "Mark Williams," an individual acting under a fictitious name, was a central participant in the transaction; 3) Gora made representations regarding the ability and efforts of its client to return the deposit and/or finalize the loan; and 4) two Reinhart associates Jason Torres and Jordana Weber have been arrested on criminal charges related to the alleged scheme." This information could lead a reasonable person to believe that the crime-fraud exception is applicable and therefore an *in camera* review is warranted.

Furthermore, in the parties' joint filing, the Gora Defendants request that any order requiring the privileged documents to be produced to the Court for *in camera* review or requiring that the privileged documents be produced under the crime-fraud exception be certified for immediate appeal under 28 U.S.C. § 1292(b). *See* Doc. No. 145. Section 1292(b) states in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the

> ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order.

*See* 28 U.S.C. § 1292(b).

This rule permits litigants, with the district court's consent, to file an immediate appeal of a non-final order. *See Butler v. DirectSAT USA*, LLC, 307 F.R.D. 445, 451-52 (D.Md. 2015). However, the Fourth Circuit has cautioned that "[§] 1292(b) should be used sparingly and . . . that its requirements must be strictly construed." *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989); *Riley v. Dow Corning Corp.*, 876 F.Supp. 728, 731 (M.D.N.C. 1992) ("The legislative history of [§ 1292(b)] suggests that there is a strong federal policy against piecemeal appeals."). A defendant seeking an interlocutory appeal must show "(1) that a controlling question of law exists (2) about which there is a substantial basis for difference of opinion and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Butler*, 307 F.R.D. at 452. Unless all these elements are met, "the district court may not and should not certify its order . . . for an immediate appeal under section 1292(b)." *Id.*

Here, the Gora Defendants have failed to meet their burden. The law governing the crime-fraud exception is well-established in this Circuit and therefore there is no substantial basis for a difference of opinion *on this governing standard.* There may very well ultimately be a substantial difference of opinion among the parties on the crime-fraud exception's application to the facts of this case. However, Section § 1292(b) is not a vehicle that may be used to circumvent the prohibition of appeals prior to a final order simply because a litigant does not agree with the application of well-establish legal principals to the facts of a case. As a result, the Court will deny the Gora Defendants' request for a certification of appealability under 28 U.S.C. § 1292(b).

**NOW THEREFORE IT IS ORDERED THAT** the Gora Defendants shall submit to the Court via flash drive the entirety of the Supplemental Privilege Log, Doc. No. 44, for *in camera* review no later than February 10, 2023. The Gora Defendants shall provide two flash drives to Chambers and one to the Clerk's office.

**SO ORDERED.**

Signed: February 3, 2023

Kenneth D. Bell
United States District Judge

4

Case 3:20-cv-00363-KDB-DCK   Document 146   Filed 02/03/23   Page 4 of 4