IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00363-KDB-DCK

| | |
|---|---|
| NOBLE BOTTLING, LLC AND RAYCAP ASSET HOLDINGS LTD., <br><br> Plaintiffs, <br><br> v. <br><br> GORA LLC, ET AL., <br><br> Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiffs' Motion to Compel Discovery Responses from Gora, LLC (Doc. No. 132). The Court has previously in part granted this motion, which seeks the production of documents that Defendants Gora LLC and Richard Gora (the "Gora Defendants") claim to be privileged, ordering Plaintiffs to provide the disputed documents to the Court for *in camera* review. *See* Doc. No. 143. Having now carefully reviewed the documents *in camera* along with the other evidence of record and the parties' respective arguments, the Court finds that the "crime-fraud exception" applies here so the documents may not be withheld under the attorney-client and/or attorney work-product privilege. Therefore, the Court will order the Gora Defendants to produce to Plaintiffs the documents previously claimed to be privileged, *see* Doc. No. 144, and set a schedule to finalize the parties' briefing of the Gora Defendants' pending motion for Summary Judgment.

As described in detail in the Court's January 9, 2023, order, Doc. No. 143, the party asserting the protection of the attorney-client privilege bears the burden of establishing the privilege. *See RLI Ins. Co. v. Conseco, Inc.*, 477 F. Supp. 2d 741, 751 (E.D. Va. 2007) ("[I]t is

1

incumbent upon the proponent to specifically and factually support his claim of privilege." (citation omitted)). Also, "[b]oth the attorney-client and work product privileges may be lost ... when a client gives information to an attorney for the purpose of committing or furthering a crime or fraud." *In re Grand Jury Proc. #5 Empanelled Jan. 28, 2004*, 401 F.3d 247, 251 (4th Cir. 2005). This limitation on the attorney-client privileges is commonly known as the "crime-fraud exception."

There are two prongs to the "crime-fraud exception." First, the Court must find that the client was likely engaged in or planning a criminal or fraudulent scheme when he sought the advice of counsel to further the scheme and, second, that the documents containing the privileged materials "bear a close relationship" to the client's existing or future scheme to commit a crime or fraud. *See Id*. As discussed briefly below, the Court finds that both prongs have been satisfied here.

There is ample evidence that the Gora Defendants' client, Reinhart Holdings, was engaged in a fraudulent scheme.[1] Indeed, some of the documents say as much. *See, e.g.*, Doc. No. 144 at #127, p.11 ("WE HAVE NO FED WIRE, WE HAVE NO SWIFT CODE. Bank of America says your restricted holding account is fraudulent! The Assistant General Counsel of Bank of America signed that letter – they communicated directly with him."); #132 ("Given recent events and misrepresentations by Britt and Tina, I think we would all agree that no one is meeting with me on Friday and no money will ever be wired into my account."). More broadly, Reinhart's primary contact and representative was acting under the assumed name of "Mark Williams" rather than his real name Jason M. Torres. Also, there is no dispute that almost three million dollars was taken by

---

[1] To be clear, the Court's findings as to the crime-fraud exception do not forecast, one way or the other, any ruling on the Gora Defendants' potential liability as to the claims asserted against them. As noted, the parties will be given a reasonable opportunity to supplement their summary judgment arguments with the documents ordered to be produced.

2

Reinhart from a supposedly "restricted" account at Bank of America that Reinhart had, using the Gora Defendants, convinced Plaintiffs to use for their purported loan transaction. Finally, Jason Torres has now pled guilty to criminal conduct in connection with the scheme. *See* Doc. No. 147.

Similarly, the documents that the Gora Defendants have withheld as privileged "bear a close relationship" to Reinhart's alleged fraud. It is through "Mark Williams" (and others associated with Reinhart)'s communications with the Gora Defendants that Reinhart executed the scheme, including preparation of the "restricted" account agreement, negotiation of transaction terms, etc. Further, Reinhart's communications with the Gora Defendants regarding the earlier / contemporaneous "Pinnacle" transaction appears to have been either a related instance of the same scheme or a means to groom the Gora Defendants and persuade Plaintiffs to commit to their ultimately fraudulent deal. In sum, all of the privileged documents come within the "crime fraud exception" and may not be withheld as privileged.

**NOW THEREFORE IT IS ORDERED THAT:**

1. The Gora Defendants shall produce to the Plaintiffs the documents listed in Doc. No. 144 on or before February 16, 2023:

2. Plaintiff may file a supplemental response to the Gora Defendants' Motion for Summary Judgment, Doc. No. 125, of no more than 10 pages limited to argument with respect to the newly produced documents on or before March 2, 2023;

3. The Gora Defendants may file a supplemental reply limited in the same manner on or before March 13, 2023; and

4. The Clerk is directed to schedule a hearing on the Gora Defendants' Motion for Summary Judgment on March 16, 2023, at 10:00 a.m.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 14, 2023

Kenneth D. Bell
United States District Judge