IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00363-KDB-DCK

| | |
|---|---|
| RAYCAP ASSET HOLDINGS LTD. AND NOBLE BOTTLING, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> GORA LLC AND RICHARD GORA, <br><br> Defendants. | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the Defendants' Motion for Reconsideration or, in the Alternative, Motion for Certification for Immediate Appeal and Motion to Stay. (Doc. No. 150). The Court will deny the Motion for the reasons briefly discussed below.

### I. LEGAL STANDARDS

While the Federal Rules of Civil Procedure do not specifically contain a "motion for reconsideration," such motions, however, are allowed in certain, limited circumstances. Unless certified as final, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003) (citing *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991)). The power to reconsider or modify interlocutory rulings is committed to the discretion of the district court. *See Fayetteville*

1

*Investors,* 936 F.2d at 1473. Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment. *Am. Canoe*, 326 F.3d at 514.

Grounds for Rule 54(b) reconsideration include: (1) an intervening change in the law, (2) new evidence not previously available, or (3) correction of a clear error of law or to prevent manifest injustice. *Wootten v. Commonwealth of Va.*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016). Such motions are "not meant to re-litigate issues already decided, provide a party the chance to craft new or improved legal positions, highlight previously-available facts, or otherwise award a proverbial 'second bite at the apple' to a dissatisfied litigant." *Id; DIRECTV, INC. v. Hart*, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004). The motion is inappropriate where it "merely reiterates previous arguments." *Univ. of Va. Patent Found. V. Gen. Elec. Co.*, 755 F. Supp. 2d 738, 744 (W.D. Va. 2011).

## II. DISCUSSION

The Defendants seek reconsideration of this Court's Order directing them to produce the documents listed in their Supplemental Privilege Log under the crime-fraud exception. (*See* Doc. Nos. 144, 146, 148).[1] The Defendants argue that their ethical obligations to their former client, Reinhart, conflict with the Court's Order. The Defendants observe that: (1) Reinhart has not had the opportunity to object to the disclosure of the privileged information; (2) Reinhart is a party in a related civil action; and (3) individuals associated with Reinhart are facing criminal charges

---

[1] As a procedural matter, the Defendants have moved for reconsideration under the wrong rule. *See* Doc. No. 150; Federal Rule of Civil Procedure 60. Rule 60(a) allows a Court to correct any clerical errors in an order while Rule 60(b) permits a party to seek relief from a "final judgment, order, or proceeding." Fed. R. Civ. P. 60(a-b). This Motion concerns neither a clerical error nor a final judgment. The Defendants should have moved under Rule 54(b). *See* Fed. R. Civ. P. 54(b). But, as discussed below, Rule 54(b) offers these Defendants no refuge.

based on the same allegations at issue in this matter. The Defendants assert that these facts "heighten" their ethical obligations.

The Defendants' argument is fatally flawed because it misunderstands the interplay between an attorney's dueling obligations. An attorney's obligation to protect his client's privileged information is not absolute and uncompromising but must be viewed in light of his simultaneous obligation as an officer of the court to promote the administration of justice and to comply with the court's rules, notices, and orders. An attorney's duty to the court may not be disregarded at his pleasure. The rules of professional responsibility recognize this interplay and have sought to resolve any conflict between the dueling obligations. North Carolina Rule of Professional Conduct 1.6 reads: "a lawyer shall not reveal information acquired during the professional relationship with a client unless . . . to comply with the Rules of Professional Conduct, the law or *court order*. N.C.R. Prof. Cond. 1.6(a) & (b)(1) (emphasis added); *see also* Conn. Rules of Prof'l Conduct 1.6 (same); N.J. Court Rules, RPC 1.6 (allowing disclosure to comply with "other law"). An attorney therefore does not violate his ethical obligation to his client when he complies with a court order. Rather, he satisfies his obligation to the court.[2] Attorneys have an obligation to zealously protect privileged information, but that obligation must give way to a court order.[3]

The Defendants alternatively ask the Court to stay this matter and certify this issue for immediate appeal under 28 U.S.C. § 1292(b). The Defendants have previously sought this relief. *See* Doc. No 146. The Court denied their request then and will do so again now. Section 1292(b) —which permits litigants to file an immediate appeal of a non-final order —is a narrow exception

---

[2] In fact, failure to comply with a court's order may lead to sanctions. *See* Fed. Civ. R. P. 16(f).
[3] The Court also finds the Defendants' argument that Reinhart has not been given an opportunity to object unpersuasive. Reinhart has failed to answer or otherwise defend the related civil suit in which it is a *named defendant*. *See* 3:22-cv-83 KDB-DCK. The Court is therefore skeptical that Reinhart would respond if given an opportunity and will not needlessly delay this matter.

3

to the general rule. It is used sparingly, and its requirements are strictly construed. *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989). Section § 1292(b) is not a vehicle that may be used to circumvent the prohibition of appeals before a final order simply because a litigant does not agree with the application of well-establish legal principles to the facts of a case. This is precisely what the Defendants are attempting to do (for a second time). The law governing the issues before this Court is well-established and therefore the Court will deny the Defendants' request for a certification of appealability under 28 U.S.C. § 1292(b).

**NOW THEREFORE IT IS ORDERED THAT** the Defendants' Motion for Reconsideration or, in the Alternative, Motion for Certification for Immediate Appeal and Motion to Stay, (Doc. No. 150), is **DENIED**.

Signed: February 17, 2023

Kenneth D. Bell
United States District Judge