IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:20-CV-363-KDB-DCK

| | |
|---|---|
| NOBLE BOTTLING, LLC, and RAYCAP ASSET HOLDINGS LTD., <br><br>Plaintiffs, <br><br>v. <br><br>JOSHUA A. KUSHNER, GORA LLC, and RICHARD GORA, <br><br>Defendants. | **PROTECTIVE ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the "Joint Motion For Entry Of Protective Order" (Document No. 149) filed February 16, 2023. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion and enter the parties' proposed Protective Order as follows.

1. **Scope.** All documents listed on the Gora Defendants' Supplemental Privilege Log [DE: #144] shall be subject to this order concerning confidential information as set forth below. This order governs only the pre-trial treatment of documents designated as CONFIDENTIAL. The parties agree that the treatment during the trial of this matter of documents designated as CONFIDENTIAL shall be addressed with the trial judge as part of the pre-trial conference.

2. **Form and Timing of Designation.** Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the CONFIDENTIAL designation. Notwithstanding this provision, the parties understand and agree

that all documents listed on the Gora Defendants' Supplemental Privilege Log [DE: #144] shall be deemed CONFIDENTIAL upon their production, without the need to label each individual document as such.

Documents shall be designated CONFIDENTIAL prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this order.

**3. Documents Which May be Designated Confidential.** In connection with producing the documents listed on the Gora Defendants' Supplemental Privilege Log [DE: #144], which shall be deemed CONFIDENTIAL upon their production, counsel for the Gora Defendants shall certify that he has, in good faith, reviewed the documents and determined that the documents contain information protected from disclosure of the documents, using the form attached hereto at *Attachment A* which shall be executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure. Information or documents which are available in the public sector may not be designated as confidential.

**4. Protection of Confidential Material.**

a. **General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 4.b.) for any purposes whatsoever other than preparing for and conducting this litigation, in which the documents were disclosed (including any appeal of this matter). Notwithstanding this provision, the parties understand and agree that documents designated CONFIDENTIAL under this Order shall only be viewed by counsel for Plaintiffs, and under no

circumstances shall the documents designated CONFIDENTIAL under this Order be viewed by Plaintiffs or Plaintiffs' officers, directors, employees, or anyone else affiliated with Plaintiffs.

    b. **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL under the terms of this order to any other person or entity except as set forth in subparagraphs (1)-(5) below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at *Attachment B* hereto), that he or she has read and understands the terms of this order and is bound by it. Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated CONFIDENTIAL pursuant to this order:

      (1) Counsel for a party who has responsibility for the pursuit or defense of the lawsuit, and any counsel and employee who assists that counsel in connection with the lawsuit;

      (2) Consultants, investigators, adjusters, insurance representatives, or experts employed by the parties or counsel for the parties or acting on behalf of the parties to assist counsel for a party who has responsibility for the pursuit or defense of the lawsuit, with such assistance being in connection with the lawsuit;

      (3) Mediators;

      (4) Judge(s) hearing motions in this case and/or presiding over the trial of this case;

      (5) Other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

3

Case 3:20-cv-00363-KDB-DCK   Document 152   Filed 02/17/23   Page 3 of 9

c. **Control of Documents.** Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this order.

d. **Copies.** All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies"), of documents designated as CONFIDENTIAL under this order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this order.

5. **Filing of Confidential Materials.** In the event a party seeks to file any material that is subject to protection under this order with the court, that party shall take appropriate action to ensure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential, after the parties have conferred and agreed on the portion(s) to be redacted; (2) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this order shall be construed as a prior directive to the Clerk of Court to allow any document to be filed under seal. The parties understand that documents may be filed under seal only with the permission of the Court.

**6. Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires confidentiality protection greater than that afforded by this order unless the party moves for an order providing such special protection. This provision of the order does not affect and is not intended to affect any documents or information withheld under the attorney/client privilege, the work product doctrine or prepared in anticipation of litigation or otherwise protected from discovery by law.

**7. Challenges to Designation as Confidential.** Any CONFIDENTIAL designation is subject to challenge. The following procedures shall apply to any such challenge:

    a. The burden of proving the necessity of a CONFIDENTIAL designation remains with the party asserting confidentiality.

    b. A party who contends that documents designated as CONFIDENTIAL are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge. The party who so designated the documents shall have fourteen (14) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an order confirming the CONFIDENTIAL designation. Any such motion shall be calendared for hearing by the moving party on the first available hearing date after the motion is filed, unless said party can show a pre-existing conflict, in which case, the next available hearing date will be requested.

    c. Notwithstanding any challenge to the designation of documents as confidential, all material previously designated CONFIDENTIAL shall continue to be treated as subject to the full protections of this order until one of the following occurs:

(1) The party who claims that the documents are confidential fails to move timely for an order designating the documents as confidential as set forth in paragraph 7.b. above; or

(2) The court rules that the documents should no longer be designated as confidential information.

d. Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

**8. Treatment on Conclusion of Litigation or Ruling that the Gora Defendants are Not Required to Produce the Documents.**

a. Order Remains in Effect. All provisions of this order restricting the use of documents designated CONFIDENTIAL shall continue to be binding after the conclusion of the litigation, or upon a ruling that the Gora Defendants are no longer required to produce the documents listed in the Supplemental Privilege Log [DE: #144], unless otherwise agreed or ordered.

b. Return of CONFIDENTIAL Documents. Within thirty (30) days after the conclusion of the litigation or a ruling that the Gora Defendants are no longer required to produce the documents listed in the Supplemental Privilege Log [DE: #144], including conclusion of any appeal, all documents treated as confidential under this order, including copies as defined above (¶ 4.d.) shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction. Notwithstanding the above

requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated CONFIDENTIAL so long as that work product does not duplicate verbatim substantial portions of the text of confidential documents. This work product continues to be confidential under the terms of this order. An attorney may use his or her work product in a subsequent litigation, provided that its use does not disclose the confidential documents. The ultimate disposition of protected materials shall be subject to a final order of the court upon completion of the litigation.

**9. Order Subject to Modification.** This order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this order. The order shall not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

**10. No Judicial Determination.** This order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

**11. Persons Bound.** This order shall take effect when entered and shall be binding upon all parties in the above referenced action, their counsel of record, and their respective law firms.

**SO ORDERED**.

Signed: February 17, 2023

_____
David C. Keesler
United States Magistrate Judge

# ATTACHMENT A

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## No. 3:20-CV-363-KDB-DCK

| | |
|---|---|
| **NOBLE BOTTLING, LLC; and RAYCAP ASSET HOLDINGS LTD.,** <br><br> Plaintiffs, <br><br> v. <br><br> **JOSHUA A. KUSHNER; GORA LLC; and RICHARD GORA,** <br><br> Defendants. | **CERTIFICATION OF COUNSEL OF DESIGNATION OF MATERIAL AS CONFIDENTIAL** |

Documents produced herewith **[whose bates numbers are listed below (or) which are listed on the attached index]** have been marked as CONFIDENTIAL subject to the Protective Order entered in this action which Order is dated _____.

By signing below, I am certifying that I have personally reviewed the marked documents and believe, based on that review, that they are properly subject to protection under the terms of Paragraph 3 of the Protective Order.

☐ I am a member of the Bar of the State of North Carolina. My Bar number is _____.

☐ I am not a member of the Bar of the State of North Carolina but am admitted to the bar of one or more states. The state in which I conduct the majority of my practice is _____ where my Bar number is _____.

I understand that by completing this certification I am submitting to the jurisdiction of the State of North Carolina as to any matter relating to this certification.

_____       _____
Date                                                                        Signature of Counsel

                                                                                  _____
                                                                                  Printed Name of Counsel

**ATTACHMENT B**

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**No. 3:20-CV-363-KDB-DCK**

| | |
|---|---|
| **NOBLE BOTTLING, LLC; and RAYCAP ASSET HOLDINGS LTD.,**<br><br>    **Plaintiffs,**<br><br>v.<br><br>**JOSHUA A. KUSHNER; GORA LLC; and RICHARD GORA,**<br><br>    **Defendants.** | **ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND** |

    The undersigned hereby acknowledges that he or she has read the Protective Order dated _____, 2023, in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the U.S. District Court for the Western District of North Carolina in matters relating to the Protective Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

    The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

    Name: _____

    Job Title: _____

    Employer: _____

    Business Address: _____

Signature: _____

Date: _____