IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00363-KDB-DCK

| | |
|---|---|
| RAYCAP ASSET HOLDINGS LTD.; AND NOBLE BOTTLING, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> GORA LLC; AND RICHARD GORA, <br><br> Defendants. | ORDER |

**THIS MATTER** is before the Court on Plaintiffs' Motion for Leave to Amend their Third Amended Complaint to Conform to the Evidence and to Reopen Limited Discovery, (Doc. No. 157), and Defendants' Motion for Summary Judgment, (Doc. No. 125). The Court has carefully reviewed the Motions, the parties' briefs, and other relevant pleadings of record. For the reasons discussed below, the Court will grant the Motion for Leave to Amend and deny the Motion for Summary Judgment without prejudice.

I.     BACKGROUND

The claims here arise out of Reinhart Holdings LLC's ("Reinhart") agreement to lend Plaintiff Noble Bottling LLC ("Noble") approximately $55 million for Noble's formation and start-up of a bottling plant. (Doc. No. 105). As part of that lending agreement, Noble was required to deposit 5 percent of the loan amount, $2.765 million dollars, in a restricted Bank of America account as security for the loan. *Id*. Plaintiff Raycap Asset Holding Ltd. ("Raycap") executed an agreement with Noble to fund the deposit. The loan was never made, and the deposit was ultimately

1

stolen by Reinhart. *Id*. Richard Gora and his law firm, Gora LLC ("Gora") were counsel for Reinhart in relation to this transaction. *Id*

Plaintiffs filed their initial complaint on July 3, 2020, bringing claims for fraud and negligent misrepresentation against the Defendants. *See* Doc. No. 1. Plaintiffs subsequently amended their complaint twice. *See* Doc. Nos. 39, 104. On November 17, 2022, the Defendants filed their Motion for Summary Judgment. Doc. No. 125. Two weeks later, Plaintiffs moved to compel certain documents, arguing that the Defendant's privilege log was inadequate. Doc. No. 132. On January 9, 2023, this Court granted Plaintiff's Motion to Compel, and the Defendant provided a supplemental privilege log as ordered. *See* Doc. Nos. 143, 144.

On February 10, 2023, the Defendants submitted for *in camera* review all documents listed on the supplemental privilege log. *See* Doc. No. 146. After its review, the Court ordered the Defendants to produce all documents listed on the supplemental privilege log to Plaintiffs under the crime-fraud exception. *See* Doc. No. 148. The parties were then given the opportunity to file supplemental briefs, limited to argument on the newly produced documents, related to Defendants' Motion for Summary Judgment. *See* Doc. Nos. 148, 154, 155.

On April 13, 2023, this Court held a hearing on the Defendants' Motion for Summary Judgment. The next day Plaintiffs filed their Motion for Leave to Amend, which Defendants oppose. Doc. Nos. 157, 159. Plaintiffs argue that they have a right to amend their complaint based on the belatedly disclosed communications related to the Pinnacle Drilling deal and that the proposed amendment would add allegations directly related to these communications. *Id*. Plaintiffs also argue that they should be allowed to reopen discovery to depose Richard Gora, Pinnacle Drilling, and Pinnacle Drilling's attorney. *Id*. Defendants oppose the Motion arguing: (1) Plaintiffs failed to properly consult Defendants in accordance with Local Rule 7.1(b); (2) a motion to reopen

2

discovery is untimely; and (3) Plaintiff's amendment is untimely and would be futile. *See* Doc. No. 159. The matter is now ripe for the Court's consideration.

## II.     LEGAL STANDARD

When a motion to amend the pleadings is filed after the deadline established by the court's scheduling order, the party seeking such an amendment must satisfy the "good cause" requirements of Rule 16(b). *See Faulconer v. Centra Health, Inc*., 808 F. App'x 148, 152 (4th Cir. 2020) ("So when [the plaintiff] moved to amend his complaint, more than eight months after the scheduling order's deadline, the standard that applied was not Rule 15 but rather the 'good cause' requirement of Rule 16."); *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, [Rule 16's] good cause standard must be satisfied to justify leave to amend the pleadings.").

"Good cause requires the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence, and whatever other factors are also considered, the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule." *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) (unpublished opinion). In determining whether the moving party has met its burden to show good cause, courts may consider "whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party." *See Hunt Valley Baptist Church, Inc. v. Balt. Cty*., Civ. Action No. ELH-17-804, 2019 U.S. Dist. LEXIS 119540, at *9 (D. Md. July 17, 2019). At the same time, if the movant "was not diligent, the inquiry should end." *Id*.

If the movant satisfies Rule 16(b)'s "good cause" standard, then the Court considers whether the movant can satisfy the requirements for amendment under Rule 15(a). *Forstmann v.*

3

*Culp*, 114 F.R.D. 83, 85-86 (M.D.N.C. 1987); *see also Bruce v. Bank of Am., N.A.*, No. CV 2:19-3456-BHH, 2020 WL 6737647, at *1–2 (D.S.C. Nov. 17, 2020). Under Rule 15, "the opportunity to amend a complaint is not unbounded." *Earthkind, LLC v. Lebermuth Co. Inc.*, No. 519CV00051, 2020 WL 8771419, at *1 (W.D.N.C. Dec. 1, 2020). Leave may be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would [be] futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

### III. DISCUSSION

Before discussing whether Plaintiffs have met the good cause standard under Rule 16, the Court will first address Plaintiffs' failure to comply with the local rules and the timeliness of their request to reopen discovery.

Local Rule 7.1(b) provides that on certain civil motions, including a motion to amend, counsel must confer and attempt in good faith to resolve areas of disagreement, or the motion must describe the timely attempts of the movant to confer with opposing counsel. *See* Local Rule 7.1(b). A failure to comply with the Local Rules may result in the motion being summarily denied. *See Kitchen & Assocs. Servs. v. Haven Campus Cmtys.*, No. 3:20-CV-00728-GCM, 2021 U.S. Dist. LEXIS 98279, at *2 (W.D.N.C. May 24, 2021); *Com. Credit Grp., Inc. v. Carlock*, No. 3:15-CV-071-RJC-DCK, 2015 WL 4459444, at *5 (W.D.N.C. July 20, 2015). Here, there is no dispute that Plaintiffs did not confer with the Defendants before moving to amend. However, denial of the motion would be inappropriate here. At the hearing on Defendants' Motion for Summary Judgment, Defense counsel stated on the record that Defendants would oppose a motion to amend the complaint at this stage. This statement rendered any consultation likely futile. Further, there is no evidence of prejudice to the Defendants or bad faith on Plaintiffs' part. Although the Court does

4

not condone Plaintiffs' failure to comply with the Local Rules, under these circumstances it was plainly harmless, and the Court will not deny the Motion on this ground.

Similarly, the timeliness — or untimeliness — of Plaintiffs' request to reopen discovery under Rule 56(d) does not require the denial of their Motion. Rule 56(d) provides that "[i]f a movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may . . . defer considering the motion or deny it[.]" *See* Fed. R. Civ. P. 56 (d). Defendants correctly note that Plaintiffs did not invoke Rule 56(d) until briefing on Defendants' summary judgment motion was complete and a hearing was held. That said, the relief requested by Plaintiffs is broader than a typical motion under Rule 56(d). Plaintiffs do not merely seek more discovery to respond to Defendants' Motion for Summary Judgment. Rather, Plaintiffs move to amend their complaint in light of belatedly disclosed information and request limited additional discovery as a consequence of the amendment. As a result, despite being titled as a motion under Rule 56(d), Plaintiffs' motion does not truly seek relief limited to the Summary Judgment motion. The Court will therefore not deny the motion due to a lack of timeliness under Rule 56(d).

Turning to the merits of Plaintiffs' Motion, the Court finds that there is good cause to allow Plaintiffs to amend their complaint. First, the touchstone of Rule 16 is diligence and Plaintiffs acted accordingly. Diligence is when a party acts with the proper attention and care required in a given circumstance. *See Black's Law Dictionary* 553 (10th ed. 2014). The communications involving defendant Richard Gora which clarified the Defendants' role in the Pinnacle Drilling deal were not produced until February 16, 2023. *See* Doc. No. 148. Plaintiffs thus did not have the necessary information to comply with the Pretrial Order and Case Management Plan's July 15, 2022, deadline for the amendment of pleadings. Disclosure of these communications also came

5

well after the close of discovery (October 21, 2022). *See* Doc. No. 72. While there was some delay between disclosure of the communications and this Motion, the Court finds that minor delay immaterial.

Second, the Defendants will not be prejudiced by the amendment. The Plaintiffs' proposed amended complaint seeks relief on the same core set of factual allegations and relies on communications that have been in the Defendants' possession throughout the litigation. So, the amendment will not impair the Defendants' ability to defend themselves. The Defendants point to the "considerable delay" which an amendment will inevitably cause as prejudice. However, that is true to some degree of every amendment. Besides, the emblematic ill effects of a prejudicial delay — the loss of evidence or potential witnesses — are not present here. The relevant communications have already been disclosed and Richard Gora is the essential witness as to these communications. In short, while the Court is mindful of the time and expense associated with continued discovery, delay, without evidence of any other prejudicial effect, is insufficient.

And third, Plaintiffs' amendment would not be futile. An amendment is generally futile if it is "clearly insufficient or frivolous on its face." *See Donovan v. Allen*, No. 7:21-cv-00017, 2021 U.S. Dist. LEXIS 185627, at *10 (W.D. Va. Sep. 28, 2021). However, district courts are "free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny." *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

6

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

The Defendants argue that the proposed amendment is futile because the two claims added by Plaintiffs are not recognized by North Carolina law. *See* Doc. No. 159. Plaintiffs respond that they simply mislabeled the new claims, and the proposed amended complaint also further fleshes out their fraud claim. *See* Doc. No. 161. The Court agrees. The factual allegations added to Plaintiffs' fraud claim, which has already survived a motion to dismiss under Rule 12(b)(6), relate directly to the belatedly disclosed communications and develop Plaintiffs' theory of the Defendants' alleged fraud. *See* Doc. Nos. 59, 65. Additionally, despite the misnomer of the added claims[1], Plaintiffs' new claims are facially plausible. Accepting as true the allegations contained in the proposed amended complaint,[2] Plaintiffs have sufficiently alleged that Richard Gora knowingly facilitated Reinhart's fraud based on his knowledge of Reinhart's previous deal with Pinnacle Drilling. *See* Doc. No. 157-1.

In sum, the Court finds that there is good cause to grant the Plaintiffs' Motion because Plaintiffs were diligent, there is no prejudice to the Defendants, and the new claims are not futile.

**IT IS THEREFORE ORDERED THAT:**

---

[1] The Defendants are correct that North Carolina does not recognize claims of "Aiding and Abetting Breach of Fiduciary Duty" and "Aiding and Abetting Fraud." *See BDM Invs. v. Lenhil, Inc.*, 264 N.C. App. 282, 302, 826 S.E.2d 746, 763 (2019) ("the North Carolina Supreme Court has not recognized a cause of action for aiding and abetting breach of fiduciary duty"); *Sompo Japan Ins. Inc. v. Deloitte & Touche, LLP*, No. 03 CVS 5547, 2005 WL 1412741, at *1 (N.C. Super. June 10, 2005) ("There are no North Carolina appellate court decisions directly recognizing a cause of action for aiding and abetting fraud."). However, as noted by Plaintiffs' in their response, North Carolina does recognize claims for facilitating fraud and civil conspiracy to commit fraud. *See Fox v. Wilson*, 85 N.C. App. 292, 301, 354 S.E.2d 737, 743 (1987); *Coleman v. Shirlen*, 53 N.C. App. 573, 281 S.E.2d 431 (1981).

[2] The Court expresses no view on the underlying merits of these claims. Rather, the Court simply finds that they are sufficiently plead.

7

Case 3:20-cv-00363-KDB-DCK   Document 164   Filed 05/11/23   Page 7 of 8

1. Plaintiffs' Motion for Leave to Amend Plaintiffs' Third Amended Complaint to Conform to the Evidence and to Reopen Limited Discovery, (Doc. No. 157), is **GRANTED**.

2. The Defendants' Motion for Summary Judgment, (Doc. No. 125), is **DENIED WITHOUT PREJUDICE**.

3. Plaintiff may conduct a deposition of Richard Gora via Zoom for up to 3 hours regarding the supplemental production. The parties may also conduct a 30(b)(6) deposition of Pinnacle Drilling Services LLC and a deposition of Michael Murphy, the attorney representing Pinnacle Drilling in the Reinhart deal.

4. This limited discovery must take place no later than July 11, 2023.

5. The parties shall file dispositive motions no later than July 25, 2023.

6. Trial of this matter is continued until November 6, 2023.

**SO ORDERED**

Signed: May 11, 2023

Kenneth D. Bell
United States District Judge