IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00363-KDB-DCK

| | |
|---|---|
| **NOBLEE BOTTLING, LLC AND RAYCAP ASSET HOLDINGS LTD.,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **GORA LLC AND RICHARD GORA,** <br><br> **Defendants.** | **ORDER** |

**THIS MATTER** is before the Court on the Defendants' Partial Motion to Dismiss. (Doc. No. 168). The Court has reviewed the Motion, the parties' briefs and exhibits, and other relevant pleadings of record. For the reasons discussed below, the Court will **GRANT** the Motion.

## I. FACTUAL BACKGROUND

The claims here arise out of Reinhart Holdings LLC's ("Reinhart") agreement to lend Plaintiff Noble Bottling LLC ("Noble") approximately $55 million for Noble's formation and start-up of a bottling plant. (Doc. No. 105). As part of that lending agreement, Noble was required to deposit 5 percent of the loan amount, $2.765 million dollars, in a restricted Bank of America account as security for the loan. *Id*. Plaintiff Raycap Asset Holding Ltd. ("Raycap") executed an agreement with Noble to fund the deposit. The loan was never made, and the deposit was ultimately stolen by Reinhart. *Id*. Richard Gora and his law firm, Gora LLC ("Gora") were counsel for Reinhart in this transaction. *Id.*

Plaintiffs filed their initial complaint on July 3, 2020, bringing claims for fraud and negligent misrepresentation against the Defendants. *See* Doc. No. 1. Plaintiffs subsequently amended their complaint twice. *See* Doc. Nos. 39, 104. On November 17, 2022, the Defendants filed their Motion for Summary Judgment. Doc. No. 125. Two weeks later, Plaintiffs moved to compel certain documents, arguing that the Defendants' privilege log was inadequate. Doc. No. 132. The Court granted Plaintiff's Motion to Compel, and the Defendant provided a supplemental privilege log as ordered. *See* Doc. Nos. 143, 144. The Defendants then submitted for *in camera* review all documents listed on the supplemental privilege log. *See* Doc. No. 146. After its review, the Court ordered the Defendants to produce all documents listed on the supplemental privilege log to Plaintiffs under the crime-fraud exception. *See* Doc. No. 148. The parties were then given the opportunity to file supplemental briefs, limited to argument on the newly produced documents, related to Defendants' Motion for Summary Judgment. *See* Doc. Nos. 148, 154, 155.

On April 13, 2023, the Court held a hearing on the Defendants' Motion for Summary Judgment. The next day Plaintiffs filed their Motion for Leave to Amend, which Defendants opposed. Doc. Nos. 157, 159. One of the Defendants' main arguments in opposition to the Motion to Amend was that the amendment was futile because the added claims for aiding and abetting breach of fiduciary duty and fraud were not recognized under North Carolina law. *See* Doc. No. 159. In the end, the Court found that the Plaintiffs had met their low bar and granted the Motion to Amend. *See* Doc. No.164. Defendants have now moved to dismiss the added claims under Rule 12(b)(6). *See* Doc. No. 168. The Motion is now fully briefed and ripe for the Court's consideration.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually

sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. V. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The court, however, "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Id.* Construing the facts in this way, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

### III. DISCUSSION

Defendants argue that Plaintiffs' claims for aiding and abetting breach of fiduciary duty and aiding and abetting fraud should be dismissed because there are no such claims under North Carolina law and Plaintiffs have failed to allege any agreement between Defendants and Reinhart. Defendants also move to dismiss Plaintiffs' claim for attorneys' fees arguing that there is no statutory authorization or contractual provision that would support an award of attorneys' fees. Plaintiffs respond that: (1) the added claims were simply mislabeled; (2) the "law of the case" doctrine applies regarding the viability of the challenged claims; and (3) N.C. Gen. Stat. §6-21.6 permits an award of attorneys' fees. *See* Doc. No. 171. The Court will address each argument in turn.

A.  Mislabeling and Law-of-the-Case Doctrine

In general, an "imperfect statement of the legal theory supporting the claim asserted" is not a valid reason for the dismissal of a complaint. *See Johnson v. City of Shelby*, 574 U.S. 10, 135 S. Ct. 346, 190 L. Ed. 2d 309, 309 (2014). Where a claim "reflects a flat misapprehension by counsel respecting a claim's legal basis, dismissal on that ground alone is not warranted so long as any needed correction of a legal theory will not prejudice the opposing party." *Labram v. Havel*, 43 F.3d 918, 920 (4th Cir. 1995). To accomplish this, the pled claim need only provide a "basis or grounds of the claim and a general indication of the type of litigation involved." *Id.* (quoting *Burlington Industries, Inc. v. Milliken & Co.*, 690 F.2d 380, 390 (4th Cir. 1982)). That said, this general rule reaches its outer bounds where the complaint "does not contain any language suggesting the elements of [the proper claim] . . . even if the facts alleged by plaintiffs could support [that] claim." *Hanley v. Doctors Exp. Franchising, LLC*, 2013 WL 690521, at *20 (D. Md. Feb. 25, 2013) (holding that a mislabeled claim for "constructive fraud" merited dismissal when the language of the complaint lacked any suggestion of the elements of negligent misrepresentation).

There is no dispute that Plaintiffs' claims for aiding and abetting breach of fiduciary duty and fraud are not cognizable under North Carolina law. *See BDM Invs. v. Lenhil, Inc.*, 264 N.C. App. 282, 302, 826 S.E.2d 746, 763 (2019) ("the North Carolina Supreme Court has not recognized a cause of action for aiding and abetting breach of fiduciary duty, nor do we recognize it here."); *Sompo Japan Ins. Inc. v. Deloitte & Touche*, LLP, No. 03 CVS 5547, 2005 WL 1412741, at *1 (N.C. Super. June 10, 2005) ("There are no North Carolina appellate court decisions directly recognizing a cause of action for aiding and abetting fraud."); *see also* Doc. No. 171. Rather, Plaintiffs contend that they simply mislabeled claims for facilitating fraud and civil conspiracy.

4

However, this "misnomer" argument is belied by the factual allegations pled in support of these claims.

Fundamental to both facilitating fraud[1] and civil conspiracy[2] claims is an agreement between Defendants and Reinhart to defraud Plaintiffs. *See Neugent*, 149 N.C. App. at 53; *Mason*, 421 F. Supp. 3d at 248 (quoting *Piraino Bros., v. Atlantic Fin. Grp., Inc.*, 211 N.C. App. 343, 712 S.E.2d 328, 333 (2011)); *see State ex rel. Long v. Petree Stockton, LLP*, 129 N.C. App. 432, 449, 499 S.E.2d 790, 800 (1998) (holding that words like assisted, facilitated, aided and abetted, and knew did not suggest an agreement necessary for facilitating fraud). While Plaintiffs level a bevy of accusations against Defendants in the Fourth Amended Complaint, they do not allege that an agreement existed between Defendants and Reinhart to defraud them. *See generally* Doc. No. 171. Instead, the Fourth Amended Complaint focuses on Reinhart's alleged fiduciary duty and how the Defendants "continued to aid" Reinhart, "conceal" the reality of the loan agreement despite knowing it was a fraud and went beyond the permissible bounds of advocacy. *See* Doc. No. 165. These allegations relate directly to claims for aiding and abetting breach of fiduciary duty and fraud, not facilitating fraud and civil conspiracy. As such, the only reasonable conclusion to draw from these allegations is that Plaintiffs intended to assert claims for aiding and abetting fraud and breach of fiduciary duty rather than claims for facilitating fraud and civil conspiracy. To paraphrase the famous professional football coach Bill Parcells, Plaintiffs' claims "are what [the]

---

[1] The elements of facilitating fraud are: (1) that the defendants agreed to defraud plaintiff; (2) that defendants committed an overt tortious act in furtherance of the agreement; and (3) that plaintiff suffered damages from that act." *Neugent v. Beroth Oil Co.*, 149 N.C. App. 38, 53, 560 S.E.2d 829, 839 (2002) (citations omitted).

[2] The elements of civil conspiracy are: "(1) an agreement between two or more individuals; (2) to do an unlawful act or to do a lawful act in an unlawful way; (3) resulting in injury to plaintiff inflicted by one or more of the conspirators; and (4) pursuant to a common scheme." *Mason v. Health Mgmt. Assocs.*, 421 F. Supp. 3d 237, 248 (W.D.N.C. 2019) (quoting *Piraino Bros., LLC v. Atlantic Fin. Grp., Inc.*, 211 N.C. App. 343, 712 S.E.2d 328, 333 (2011)).

5

record says [they] are." And the record says that Plaintiffs have pled claims that do not exist under North Carolina law.

The Plaintiffs endeavor in vain to blunt the force of this conclusion by arguing the "law-of-the-case" doctrine precludes dismissal of these claims. They are mistaken. "The law-of-the-case doctrine recognizes that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Graves v. Lioi*, 930 F.3d 307, 318 (4th Cir. 2019) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). That said, the law-of-the-case doctrine "poses no bar to the assessment of past holdings based on a different procedural posture when, as is the case in the progression from review of a motion to dismiss to a motion for summary judgment, that later review expands the court's inquiry based on development of actual facts underlying a plaintiff's claims." *Graves*, 930 F.3d at 318. Put another way, a different procedural posture requires a different legal analysis. *Id*. Moreover, a district court maintains the power to revise its rulings at any point prior to final judgment in a civil case. *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1892, 195 L. Ed. 2d 161 (2016); 18B C. Wright, A. Miller, & E. Cooper, *Federal Practice And Procedure* § 4478 Law of the Case—Trial Courts (3d ed. 2023).

At bottom, a motion to amend is not a motion to dismiss. While a court *may* deny leave to amend if the complaint would not withstand Rule 12(b)(6) scrutiny, that is not the traditional standard. *See In re Triangle Cap. Corp. Sec. Litig*., 988 F.3d 743, 750 (4th Cir. 2021). So, the change in the procedural posture of the pending motion therefore changes the nature of the question before the Court. The Court consequently is not bound by its ruling on a different question in a different posture and under a different standard. *See* 18B C. Wright, A. Miller, & E. Cooper, *Federal Practice And Procedure* § 4478 Law of the Case—Nature of the Rulings and Issues (3d

ed. 2023). As a result, the law-of-the-case doctrine does not require the Court to deny Defendants' Motion to Dismiss because it permitted Plaintiffs to amend their complaint.[3]

In sum, Plaintiffs' claims for aiding and abetting breach of fiduciary duty and fraud are not cognizable under North Carolina law and further their allegations do not support claims for facilitating fraud and civil conspiracy. Therefore, dismissal of these claims is appropriate.

B. Claim for Attorneys' fees

Under North Carolina law, attorneys' fees may be awarded only where there is specific statutory authority for the award. *See Stillwell Enter. Inc. v. Interstate Equip. Co.*, 300 N.C. 286, 289, 266 S.E.2d 812 (1980); *Reynolds-Douglass v. Terhark*, 2022-NCSC-74, ¶ 20, 381 N.C. 477, 487, 873 S.E.2d 552 (N.C. 2022); *Rutt Rental, LLC v. Atl. Coast Fire Trucks*, LLC, 2022 U.S. Dist. LEXIS 212204, *17. North Carolina General Statute § 6–21.6 (c) provides that "[i]f a business contract governed by the laws of this State contains a reciprocal attorneys' fees provision, the court or arbitrator in any suit, action, proceeding, or arbitration involving the business contract may award reasonable attorneys' fees in accordance with the terms of the business contract."

Plaintiffs argue that the recovery of their attorneys' fees is authorized by N.C. Gen. Stat. § 6-21.6 because of the reciprocal attorneys' fees provision in the Secured Loan Agreement, which Defendants drafted and negotiated. *See* Doc. No. 171, pp. 5-6. However, they are incorrect. A defendant cannot be liable under a reciprocal attorneys' fees provision in an agreement they did not sign and to which they are not a party. *See BS & HS LLC v. Nyalkaran Inc.*, 2022-NCCOA-801, ¶ 11 ("As a matter of law, [the defendant] is not liable for reciprocal attorney's fees pursuant

---

[3] As noted above, the Court finds no inconsistency between this analysis and its analysis in granting Plaintiffs' Motion to Amend. However, to the extent this analysis is found to conflict with the Court's prior analysis on Plaintiffs' Motion to Amend, the Court — under its power to revise its rulings at any point prior to final judgment in a civil case — has reconsidered the issue and finds dismissal of these claims is appropriate.

7

to a lease agreement it was not a party to."); *Elsayed v. Fam. Fare LLC*, No. 1:18-CV-1045, 2021 WL 7162214, at *2 (M.D.N.C. June 4, 2021) ("[the plaintiff] did not 'sign by hand the business contract' containing the attorneys' fee provision. Indeed, he was not a party to the franchise agreement in any capacity. As he did not sign the business contract, any reciprocal attorneys' fees provisions under the agreement are unenforceable against him."). The Defendants incontestably did not sign, and are not a party to, the Secured Loan Agreement. They therefore cannot be held liable under the agreement's attorneys' fees provision. To conclude otherwise and adopt the Plaintiffs' position — that a non-signatory can be liable because they drafted or negotiated a reciprocal attorneys' fees provision — would impermissibly broaden the scope of the statute beyond its rational contours. In short, Plaintiffs have offered no proper basis for an award of attorneys' fees against the Defendants, and the Court will therefore grant the Motion as to this claim as well.

## IV.    ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Partial Motion to Dismiss, Doc. No. 168, is **GRANTED;**

2. This case shall proceed to trial on the merits of the Plaintiffs' remaining claims in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: July 24, 2023

Kenneth D. Bell
United States District Judge