**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:20-CV-00363-KDB-DCK**

| | |
|---|---|
| **RAYCAP ASSET HOLDINGS LTD.,** **AND NOBLE BOTTLING, LLC,** | |
| **Plaintiff,** | |
| **v.** | **ORDER** |
| **GORA LLC,** **RICHARD GORA,** | |
| **Defendant.** | |

      **THIS MATTER** is before the Court on Defendants' Motion to Compel Destruction of Documents Pursuant to the Protective Order (Doc. No. 182). In their motion, Defendants ask the Court to compel Plaintiffs to permanently delete or destroy any documents that the Court had required Defendants to produce, including all copies of the documents itemized on Defendants' Supplemental Privilege Log, and order Plaintiffs to file a certification confirming that such copies have been deleted or destroyed. *See* Doc. No. 182. In their response, Plaintiffs informed the Court that they only sought to keep some of the documents produced under the Protective Order. *See* Doc. No. 183. Since the motion was filed, the parties have met and reached a resolution, which they now ask this Court to memorialize in an order.

      The Court therefore finds that:

1. Defendants consent to Plaintiffs' retention of certain documents produced by Defendants in the instant action—specifically, Bates Nos. 5300100-103, 5300666-667, 5300759-760, and 5300762 (9 total pages) (the "Permitted Documents")—for use as evidence in the related action brought by Plaintiffs, *Noble Bottling LLC et al. v.*

1

*Reinhart Holdings, LLC et al.*, 3:22-cv-00083-KDB-DCK (W.D.N.C.) (the "Related Action"), and for no other purpose.

2. Plaintiffs[1] agree that they will destroy all other documents subject to this Court's Protective Order in accordance with that order within seven (7) days of this order and provide certification to Defendants of the same within seven (7) days of the destruction.

3. Plaintiffs further agree that, within seven (7) days of the conclusion of the Related Action, Plaintiffs will destroy the Permitted Documents as outlined in this Court's Protective Order and provide certification to Defendants of the same within seven (7) days of the destruction.

4. Plaintiffs further agree that, to the extent that they use the Permitted Documents as evidence in the Related Action, they will only produce them in the Related Action pursuant to a protective order substantially similar to this Court's Protective Order that limits disclosure of the Permitted Documents and requires all parties to the Related Action to destroy the Permitted Documents upon completion of the Related Action.

5. Plaintiffs further agree that they will not involve Richard Gora, Gora LLC, or any other entity or individual associated with Gora LLC in the Related Action in any way—including, but not limited to, subjecting them to document subpoenas, deposition subpoenas, and/or any other type of discovery mechanism of any kind.

---

[1] For purposes of this order, in addition to the named plaintiffs, the term "Plaintiffs" shall include the named plaintiffs' members, managers, and all other employees; the named plaintiffs' counsel and their respective law firms; and any consultants, investigators, adjusters, insurance representatives, consulting and/or retained testifying experts, and any other representatives employed by the named plaintiffs or counsel for the named plaintiffs or acting on behalf of the named plaintiffs.

2

## I.    ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Motion (Doc. No. 182) is **GRANTED IN PART** and **DENIED IN PART**;

2. Plaintiffs may retain the Permitted Documents for the limited purpose of using them as evidence in the Related Action, and for no other purpose;

3. Plaintiffs shall destroy all other documents subject to this Court's Protective Order in accordance with that order within **<u>seven (7) days</u>** of the date of this order and provide certification to Defendants of the same within **<u>seven (7) days</u>** of the destruction;

4. Within **<u>seven (7) days</u>** of the conclusion of the Related Action, Plaintiffs shall destroy the Permitted Documents as outlined in this Court's Protective Order and provide certification to Defendants of the same within **<u>seven (7) days</u>** of the destruction;

5. To the extent that Plaintiffs use the Permitted Documents as evidence in the Related Action, Plaintiffs shall only produce them in the Related Action pursuant to a protective order substantially similar to this Court's Protective Order that limits disclosure of the Permitted Documents and requires all parties to the Related Action to destroy the Permitted Documents upon completion of the Related Action; and

6. Plaintiffs shall not involve Richard Gora, Gora LLC, or any other entity or individual associated with Gora LLC in the Related Action in any way—including, but not limited to, subjecting them to document subpoenas, deposition subpoenas, and/or any other type of discovery mechanism of any kind.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 8, 2024

Kenneth D. Bell
United States District Judge